OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be reversed and a new trial ordered.
 

 Criminal Procedure Law § 270.20 (1) (b) provides that a party-may challenge a prospective juror for cause if the juror “has a state of mind that is likely to preclude him [or her] from rendering an impartial verdict based upon the evidence at the trial.” Upon such a challenge “a juror who has revealed doubt, because of prior knowledge or opinion, about [his or] her ability to serve impartially must be excused unless the juror states unequivocally on the record that [he or] she can be fair”
 
 (People v Arnold,
 
 96 NY2d 358, 362).
 

 In this case, the trial court erred in denying defendant’s challenges for cause as to two prospective jurors. Earlier, the court instructed the panel of prospective jurors as to the presumption of defendant’s innocence, the People’s burden of proof and defendant’s right not to testify. Nonetheless, in response to defense counsel’s questioning, one prospective juror indicated that she would require defense counsel to prove defendant’s innocence in order for her to return a verdict of not guilty. Another prospective juror stated that defendant’s failure to testify might influence his decision and “make it a little hard for [him] to * * * say that [defendant was] not guilty.” Having heard these answers, the trial court took no corrective action, either before or after the defense interposed proper challenges for cause, which were denied. Defendant then peremptorily challenged both prospective jurors and exhausted
 
 *646
 
 all of his peremptory challenges during the course of the voir dire
 
 (see,
 
 CPL 270.20 [2]).
 

 We conclude that the prospective jurors’ statements cast serious doubt on their ability to render a fair verdict under the proper legal standards. The trial court therefore was required to elicit some unequivocal assurance from the two prospective jurors that they were able to reach a verdict based entirely upon the court’s instructions on the law. The jury panel’s earlier collective acknowledgment that they would follow the court’s instructions was insufficient to constitute such an unequivocal declaration
 
 (see, People v Arnold, supra,
 
 96 NY2d, at 363).
 

 Chief Judge Kaye and Judges Smith, Levine, Ciparick, Wesley, Rosenblatt and Graffeo concur in memorandum.
 

 Order reversed, etc.