OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed.
 

 Once again we emphasize that prospective jurors who give some indication of bias but do not provide an unequivocal assurance of impartiality must be excused for cause.
 

 During voir dire, the trial court instructed the prospective jurors to raise their hands in response to questions when responding affirmatively. When defense counsel addressed the panel, he asked:
 

 “Does anyone else * * * feel that they would have a tendency to believe a police officer’s account just because he or she is a police officer?
 

 
 *751
 
 “[Prospective Jurors]: (indicating)
 

 “[Defense Counsel]: I will need you to hold up your hands.
 

 “[Prospective Jurors]: (indicating).”
 

 After colloquy with prospective jurors, defense counsel then inquired:
 

 “[t]he question that I have to ask of you is whether each of you can treat each and every witness the same way, apply the tests, the same standards at the same time or whether somebody is going to be getting a leg up just because he or she is a police officer. And if I understand those that raised their hands, you are going to be leaning towards accepting a police officer just because of the title or the uniform, which means you are treating those people different than non-police officers; correct?
 

 “(jurors nodding affirmatively).”
 

 Subsequently, the court inquired of the panel, collectively, whether they agreed that police testimony should be accorded the same weight as any other testimony and whether the testimony should be evaluated in the same way. The record indicates “no response” and the court did not pursue the matter further.
 

 Defense counsel challenged for cause those prospective jurors who had raised their hands and nodded affirmatively on the ground of bias in favor of police testimony. The court denied the challenges and the defense used its peremptory challenges to remove the jurors, specifically naming each juror being challenged on account of bias. Neither the prosecutor nor the court disagreed with those designations. The defense ultimately exhausted its peremptory challenges.
 

 On this appeal from the Appellate Division’s reversal of defendant’s conviction, the People argue that there is an insufficient record to determine which jurors had expressed bias. We agree with the Appellate Division that the record is sufficient to identify which jurors were being challenged for bias.
 

 CPL 270.20 (1) (b) allows a prospective juror to be challenged for cause if such juror evinces “a state of mind that is likely to preclude him [or her] from rendering an impartial verdict based upon the evidence adduced at the trial.” We have repeatedly stated that potential jurors who express possible bias must be excused unless they provide “unequivocal assurance that they
 
 *752
 
 can set aside any bias and render an impartial verdict based on the evidence.”
 
 (People v Johnson,
 
 94 NY2d 600, 614 [2000];
 
 see also People v Chambers,
 
 97 NY2d 417, 419 [2002];
 
 People v Arnold,
 
 96 NY2d 358, 362 [2001].)
 

 Here, while a more definitive record could have and should have been made, the demonstrative responses and affirmative nods of certain prospective jurors sufficiently indicated their possible bias in favor of police testimony. The trial court should have obtained unequivocal assurances of impartiality from each of them. It did not do so. In the absence of these assurances, denial of defendant’s challenges for cause, where defendant eventually exhausted his peremptory challenges, was reversible error
 
 (see
 
 CPL 270.20 [2]).
 

 Chief Judge Kaye and Judges Smith, Levine, Ciparick, Wesley, Rosenblatt and Graffeo concur.
 

 Order affirmed in a memorandum.