THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL MATEO, Appellant. [801 NYS2d 468]—

Appeal from a judgment of the Cayuga County Court (Mark H. Fandrich, J.), rendered April 20, 2004. The judgment convicted defendant, upon a jury verdict, of promoting prison contraband in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously reversed on the law and a new trial is granted.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of promoting prison contraband in the first degree (Penal Law § 205.25 [2]). We agree with defendant that reversal is required because County Court erred in denying his challenge for cause to a prospective juror who gave equivocal answers during voir dire and thus failed to establish her ability to be impartial. When asked whether the fact that her husband was a correction officer and her son a police officer would impair her ability to be fair, she replied that she "would hope not," and she acknowledged that there was a possibility that she would tend to credit the testimony of correction officers over that of other witnesses. In addition, she stated that it would be "difficult" for her to be fair and that she could only "think [she] could say [she'd] try to be fair." Moreover, the prospective juror was twice asked whether she would feel comfortable being judged by someone with her mindset before she gave an affirmative response to that question. The statements of the

prospective juror "raise[d] a serious doubt regarding [her] ability to be impartial," which mandated that she be excused unless she "state[d] unequivocally on the record that . . . she [could] be fair and impartial" (*People v LaValle*, 3 NY3d 88, 103 [2004]; *see People v Nicholas*, 286 AD2d 861, 862 [2001], *affd* 98 NY2d 749 [2002]; *People v Bludson*, 97 NY2d 644, 645 [2001]; *People v Arnold*, 96 NY2d 358, 362-364 [2001]), and she did not do so. "If there is any doubt about a prospective juror's impartiality, trial courts should err on the side of excusing the juror, since at worst the court will have 'replaced one impartial juror with another' " (*Arnold*, 96 NY2d at 362; *see People v Ocean*, 294 AD2d 824 [2002]; *People v Escoto*, 283 AD2d 962, 963 [2001], *lv denied* 96 NY2d 901 [2001]). We therefore reverse the judgment and grant a new trial. We have examined the remaining contentions of defendant, including those raised in the pro se supplemental brief, and conclude that they are lacking in merit. Present— Pigott, Jr., P.J., Green, Gorski, Smith and Lawton, JJ.