■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NEAMEN F. HABTE, Appellant. [825 NYS2d 626]—

Appeal from a judgment of the Supreme Court, Monroe County (David D. Egan, J.), rendered October 21, 2003. The judgment convicted defendant, upon a jury verdict, of menacing in the second degree, assault in the third degree, unlawful imprisonment in the second degree and criminal contempt in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously reversed on the law and a

new trial is granted on counts 8, 10, 11 and 18 of the indictment.

Memorandum: On appeal from a judgment convicting him of various crimes arising out of a domestic violence incident, defendant contends that Supreme Court abused its discretion in discharging a potential juror before defense counsel had an opportunity to question him during voir dire. We agree. In response to a question from the prosecutor, the potential juror appeared to indicate that he could not convict upon the testimony of one witness, even if that witness was credible, stating, "We're supposed to take everything into consideration." The court then discharged that potential juror, concluding that his response made it impossible for him to be fair and impartial. Although the trial court has broad discretion to control and restrict the scope of voir dire examination (*see People v Boulware*, 29 NY2d 135, 140 [1971], *rearg denied* 29 NY2d 670, 749 [1971], *cert denied* 405 US 995 [1972]), any restrictions imposed on voir dire must afford defense counsel a fair opportunity to question prospective jurors about relevant matters (*see People v Jean*, 75 NY2d 744, 745 [1989]). In our view, the response of the potential juror did not establish that he was incapable of being fair and impartial and defense counsel was thus denied the opportunity to question the potential juror about relevant matters (*see id.*).

In light of our determination, we do not address defendant's remaining contentions. Present—Scudder, P.J., Martoche, Centra and Green, JJ.