OPINION OF THE COURT
Memorandum.
Judgment of conviction reversed, on the law, matter remanded to the court below for a new trial and temporary order of protection issued on August 16, 2004 reinstated.
Defendant appeals from a judgment convicting her of criminal contempt in the second degree (Penal Law § 215.50 [3]). At the outset, we note that contrary to defendant’s contention, a review of the record on appeal establishes that the verdict of guilt was not against the weight of the evidence (see People v Bleakley, 69 NY2d 490, 495 [1987]). Defendant further contends that reversal is required because the court below erred in denying her challenge for cause of a prospective juror who stated that he would want to hear testimony from both the complainant and defendant to be fair in rendering a verdict. Without making a searching inquiry of the juror concerning this statement (see CPL 270.20 [1] [b]), the court below instructed the juror that he could not hold it against defendant if she did not testify at trial. The prospective juror’s responses to defense counsel’s follow-up inquiry, to the effect that he would want to hear testimony from “both sides” in order to “give a better judgment” and that he would “[n]ot necessarily” be able to render a fair verdict if defendant did not testify, were less than unequivocal assurances that he would set aside any bias and render an impartial verdict on the evidence (see People v Arnold, 96 NY2d 358, 362 [2001]; People v Johnson, 94 NY2d 600, 613-615 [2000]). Consequently, the court’s denial of defendant’s challenge for cause, where her peremptory challenges were eventually exhausted, constituted reversible error (see People v Nicholas, 98 NY2d 749 [2002]; People v Johnson, 94 NY2d 600 [2000]). We therefore reverse the judgment of conviction and grant a new trial.
Finally, we note that the permanent order of protection is - sued by the court below is vacated (see generally CPL 530.12 [5]; 530.13 [4]; People v Nieves, 2 NY3d 310, 316 [2004]) and the temporary order of protection is reinstated.
Rudolph, P.J., McCabe and Tanenbaum, JJ., concur.