■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AL A. GIVANS, Appellant. [845 NYS2d 665]—

Appeal from a judgment of the Jefferson County Court (Kim H. Martusewicz, J.), rendered July 8, 2005. The judgment convicted defendant, upon a jury verdict, of criminal possession of a controlled substance in the second degree and conspiracy in the second degree and, upon a plea of guilty, of aggravated unlicensed operation of a motor vehicle in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by reversing those parts convicting defendant of criminal possession of a controlled substance in the second degree and conspiracy in the second degree and as modified the judgment is affirmed, and a new trial is granted on counts one and two of the indictment.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of criminal possession of a controlled substance in the second degree (Penal Law § 220.18 [1]) and conspiracy in the second degree (§ 105.15) and upon a plea of guilty of aggravated unlicensed operation of a motor vehicle in the third degree (Vehicle and Traffic Law § 511 [1] [a]). Defendant contends that County Court erred in denying his challenges for cause to four prospective jurors. We agree with defendant that the court erred with respect to the two prospective jurors who insisted that defendant should testify. One of those prospective jurors also repeatedly stated that she would favor law enforcement and give greater weight to the testimony of law enforcement witnesses. We conclude that the statements of the two prospective jurors "cast serious doubt on their ability to render a fair verdict under the proper legal standards[, and t]he trial court therefore was required to elicit some unequivocal assurance from the two prospective jurors that they were able to reach a verdict based entirely upon the court's instructions on the law" (*People v Bludson*, 97 NY2d 644, 646 [2001]). "[N]othing less than a personal, unequivocal assurance of impartiality can cure a [prospective] juror's prior indication that [he or] she is predisposed against a particular defendant or particular type of case" (*People v Arnold*, 96 NY2d 358, 364 [2001]), and the two prospective jurors at issue failed to offer the requisite "unequivocal assurance of impartiality" (*id.*). Because defendant used all of his peremptory challenges before jury selection was complete, reversal is required (*see* CPL 270.20 [2]; *People v Linnan*, 23 AD3d 1013, 1013-1014 [2005]; *People v Russell*, 16 AD3d 776, 777 [2005], *lv denied* 5 NY3d 809 [2005]). We therefore modify the judgment by reversing those parts convicting defendant of criminal possession of a controlled substance in the second degree and conspiracy in the second degree, and we grant a new trial on those counts of the indictment.

Although we are hereby granting a new trial, we nevertheless address defendant's remaining contentions in the interest of judicial economy.

We agree with defendant that the court erred in admitting a text message from a cellular telephone in evidence, inasmuch as

the People failed to establish that the text message was ever read by defendant, or even retrieved by him, and they failed to establish the authenticity or reliability of the text message (*see People v Johnson*, 250 AD2d 922, 928-929 [1998], *affd* 93 NY2d 254 [1999]; *see also* Prince, Richardson on Evidence § 4-203 [Farrell 11th ed]). Further, the court erred in permitting the jury to access the entire contents of the cellular telephone and to view materials that were not admitted in evidence at trial (*see People v Vizzini*, 183 AD2d 302, 307-308 [1992]; *cf. People v Stanley*, 87 NY2d 1000 [1996]). Finally, the prejudicial effect of testimony concerning uncharged crimes committed by defendant, i.e., his past drug sales, as well as his alleged familiarity with task force vehicles and his alleged threat to kidnap and feed drugs to the District Attorney's children, far outweighed the probative value of that testimony, and the court therefore erred in admitting that testimony (*see generally People v Alvino*, 71 NY2d 233, 241-242 [1987]; *People v Ventimiglia*, 52 NY2d 350, 359-360 [1981]; *People v Molineux*, 168 NY 264, 291-294 [1901]). Present—Martoche, J.P., Centra, Peradotto, Green and Pine, JJ.