(January 22, 2009)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAKEIM FRANCIS, Appellant. [872 NYS2d 588]—

Cardona, P.J. Appeal from a judgment of the Supreme Court (Czajka, J.), rendered November 4, 2005 in Rensselaer County, upon a verdict convicting defendant of two counts of the crime of criminal possession of a controlled substance in the third degree.

In the early morning hours of August 15, 2004, Troy Housing Authority officers Adrian Morin and Frank Santana encountered defendant on the grounds of the Martin Luther King Apartments, a public housing project located in the City of Troy, Rensselaer County. At that time, Morin instructed defendant to leave the premises and not return. Three days later, Morin and Santana saw an individual they believed to be defendant on the same grounds. When they approached him with the intention of making an arrest, he fled, allegedly discarding cash, cocaine, and a cellular telephone. Defendant was later arrested and charged with two counts of criminal possession of a controlled substance in the third degree, as well as criminal trespass and resisting arrest. At the subsequent jury trial, Supreme Court dismissed the two latter counts at the close of the People's case. Defendant was then convicted of the drug counts and sentenced to two concurrent prison terms of 12½ to 25 years.

We are not persuaded by defendant's argument that, as to the cocaine, County Court (McGrath, J.) erred in denying his suppression motion without a hearing. Defendant's motion papers do not supply a factual basis supporting the conclusion that the seizure of the cocaine resulted from either an unlawful detention and arrest or from illegal police pursuit (*see People v Mendoza*, 82 NY2d 415, 432-433 [1993]).

However, we find merit in defendant's contention that his

right to a fair trial was infringed when the People were allowed to refer during summation to the specific contents of defendant's cellular telephone, which included logs of incoming and outgoing calls, none of which was introduced into evidence at trial. Importantly, when seeking to admit the telephone itself into evidence, the People indicated to Supreme Court and to defendant that it would be operated for the purpose of displaying pictures of defendant contained therein, apparently to prove that the telephone belonged to him. No witnesses referred to the specific contents of the telephone; indeed, Morin and Santana testified that they had not accessed the contents at any time since the telephone was recovered. Therefore, it was improper for the prosecutor, during summation, to point out to the jury the specific dates and times of certain calls logged on the telephone, and to invite the jury to view the contents of the telephone during deliberations (*see People v Givans*, 45 AD3d 1460, 1462 [2007]; *People v Vizzini*, 183 AD2d 302, 307-308 [1992]). We do not agree with the People's argument that defense counsel opened the door to this potentially prejudicial evidence by his comment during summation that the People had not introduced the contents of the telephone into evidence. Nor was the error cured by Supreme Court's reopening of summations to allow defense counsel to comment on the contents of the telephone.

Furthermore, the error was not harmless. Defendant maintained throughout the trial—including during his own testimony—that he was not the person who fled from the officers on August 18, 2004. His theory of the case hinged in part on his contention that he could not have dropped the telephone on that date because Morin and Santana had seized it during their initial encounter on August 15, 2004. Thus, his defense would have been undermined if the jury attributed to defendant any of the calls made from his telephone during the intervening three-day period. In that regard, we find it significant that the jury sent a note to Supreme Court during deliberations explicitly asking "whether times and dates of phone calls and messages can be considered as evidence." Accordingly, defendant is entitled to a new trial on the possession charges.

The above decision renders defendant's remaining contentions academic.

Rose, Kavanagh and Stein, JJ., concur; Spain, J., not taking part. Ordered that the judgment is reversed, on the law, and matter remitted to the Supreme Court for a new trial.