■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER LEWIS, Appellant. [896 NYS2d 792]—

Appeal from a judgment of the Supreme Court, Erie County (Christopher J. Burns, J.), rendered September 3, 2008. The

judgment convicted defendant, upon a jury verdict, of robbery in the first degree and unlawful possession of marihuana.

It is hereby ordered that the judgment so appealed from is unanimously reversed on the law and a new trial is granted.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of robbery in the first degree (Penal Law § 160.15 [4]) and unlawful possession of marihuana (§ 221.05). Defendant contends that Supreme Court erred in denying his challenges for cause to three prospective jurors. We agree with defendant that the court erred with respect to two of the prospective jurors and thus that reversal is required.

It is well established that, when a prospective juror makes a statement or statements that "cast serious doubt on [his or her] ability to render an impartial verdict" (*People v Arnold*, 96 NY2d 358, 363 [2001]), that prospective juror must be excused for cause unless he or she provides an "unequivocal assurance that [he or she] can set aside any bias and render an impartial verdict based on the evidence" (*People v Johnson*, 94 NY2d 600, 614 [2000]; *see People v Nicholas*, 98 NY2d 749, 750 [2002]; *People v Chambers*, 97 NY2d 417, 419 [2002]). While no "particular expurgatory oath or 'talismanic' words [are required,] . . . jurors must clearly express that any prior experiences or opinions that reveal the potential for bias will not prevent them from reaching an impartial verdict" (*Arnold*, 96 NY2d at 362).

During voir dire, one of the prospective jurors stated that, as a result of her close association with police officers in the course of her work as a loss prevention officer, she would "probably take the word of a cop" over "the word of somebody else." When defense counsel asked that prospective juror whether she would "tend to give the—the cop the edge on who's telling the truth," she responded, "I would lean that way, yes." There is no question that those statements cast serious doubt on the prospective juror's ability to render an impartial verdict (*see Nicholas*, 98 NY2d at 751-752; *People v Givans*, 45 AD3d 1460, 1461 [2007]; *People v Mateo*, 21 AD3d 1392, 1392-1393 [2005]), and the prospective juror failed to provide "unequivocal assurance that [she could] set aside any bias and render an impartial verdict based on the evidence" (*Johnson*, 94 NY2d at 614). The prior collective acknowledgment by the jury panel that the panel members would decide the case solely on what they heard and saw in the courtroom and not based upon any relationships with law enforcement "was insufficient to constitute such an unequivocal declaration" (*People v Bludson*, 97 NY2d 644, 646 [2001]; *see Arnold*, 96 NY2d at 363).

With respect to the second prospective juror, the record

reflects that she expressed uncertainty about her ability to be fair and impartial as a result of her close relationships with members of law enforcement. When defense counsel attempted to explore the prospective juror's apparent reservations, the court precluded any further inquiry on the matter. Although there is no question that a trial court "necessarily has broad discretion to control and restrict the scope of the *voir dire* examination" (*People v Boulware*, 29 NY2d 135, 140 [1971], *rearg denied* 29 NY2d 670 [1971], *cert denied* 405 US 995 [1972]; *see People v Habte*, 35 AD3d 1199 [2006]), we conclude under the circumstances of this case that the court erred in failing to permit defense counsel to conduct further questioning of the prospective juror to determine whether she could provide an "unequivocal assurance" of her ability to render a fair and impartial verdict, or to excuse the prospective juror for cause (*Arnold*, 96 NY2d at 363; *see generally Johnson*, 94 NY2d at 616).

Because defendant exhausted all of his peremptory challenges before the completion of jury selection, reversal is required (*see* CPL 270.20 [2]; *Nicholas*, 98 NY2d at 752; *Givans*, 45 AD3d at 1461). We reject the contention of defendant in his main brief that the verdict is against the weight of the evidence. Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). In light of our determination, we do not address defendant's remaining contentions. Present—Scudder, P.J., Peradotto, Lindley and Sconiers, JJ.