# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**324**

**KA 10-01374**

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

TIMOTHY D. STRASSNER, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (KIMBERLY F. DUGUAY OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (DANIEL GROSS OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Monroe County (Daniel J. Doyle, J.), rendered May 10, 2010.  The judgment convicted defendant, upon a jury verdict, of driving while intoxicated, a class E felony.

It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law and a new trial is granted.

Memorandum:  Defendant appeals from a judgment convicting him, upon a jury trial, of driving while intoxicated (Vehicle and Traffic Law § 1192 [3]).  Defendant contends that Supreme Court erred in denying his challenges for cause to three prospective jurors whose statements during voir dire cast doubt on their ability to be impartial.  We agree.

It is well established that "[p]rospective jurors who make statements that cast serious doubt on their ability to render an impartial verdict, and who have given less-than-unequivocal assurances of impartiality, must be excused" (*People v Arnold*, 96 NY2d 358, 363; *see People v Nicholas*, 98 NY2d 749, 750; *People v Chambers*, 97 NY2d 417, 419).  While no "particular expurgatory oath or 'talismanic' words [are required,] . . . [prospective] jurors must clearly express that any prior experiences or opinions that reveal the potential for bias will not prevent them from reaching an impartial verdict" (*Arnold*, 96 NY2d at 362).  During voir dire, the statements of three prospective jurors with respect to the credibility of the testimony of police officers or bias in favor of the police cast serious doubt on their ability to render an impartial verdict (*see Nicholas*, 98 NY2d at 751-752; *People v Lewis*, 71 AD3d 1582, 1583-1584; *People v Givans*, 45 AD3d 1460, 1461; *People v Mateo*, 21 AD3d 1392, 1392-1393), and those prospective jurors failed to provide "unequivocal assurance that they [could] set aside any bias and render an impartial verdict based on

the evidence" (*People v Johnson*, 94 NY2d 600, 614).  Contrary to the court's conclusion, we conclude that the nodding by these three prospective jurors as part of a group of prospective jurors who were "all nodding affirmatively in regard to the statement [of another prospective juror]" was "insufficient to constitute such an unequivocal declaration" (*People v Bludson*, 97 NY2d 644, 646; *see Lewis*, 71 AD3d at 1583).  Inasmuch as defendant had exhausted all of his peremptory challenges before the completion of jury selection, the denial of defendant's challenges for cause constitutes reversible error (*see* CPL 270.20 [2]; *People v Harris*, 23 AD3d 1038, 1038).