SUPREME COURT OF THE STATE OF NEW YORK
*Appellate Division, Fourth Judicial Department*

**739**
**KA 11-00202**
PRESENT: SCUDDER, P.J., CENTRA, PERADOTTO, LINDLEY, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                             MEMORANDUM AND ORDER

JEROLD N. MITCHUM, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER, HARTER SECREST & EMERY LLP (MAURA C. MCGUIRE OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (DANIEL GROSS OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Robert B. Wiggins, A.J.), rendered December 22, 2010. The judgment convicted defendant, upon a jury verdict, of criminal possession of a weapon in the second degree (two counts), criminal possession of a weapon in the third degree, and criminally using drug paraphernalia in the second degree (two counts).

It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law and a new trial is granted.

Memorandum: Defendant appeals from a judgment convicting him, following a jury trial, of two counts each of criminal possession of a weapon in the second degree (Penal Law § 265.03 [1] [b]; [3]) and criminally using drug paraphernalia in the second degree (§ 220.50 [2], [3]), and one count of criminal possession of a weapon in the third degree (§ 265.02 [1]). Defendant contends that County Court erred in denying his challenge for cause to a prospective juror whose statements during voir dire cast doubt on the prospective juror's ability to be impartial. We agree.

It is well established that "[p]rospective jurors who make statements that cast serious doubt on their ability to render an impartial verdict, and who have given less-than-unequivocal assurances of impartiality, must be excused" (*People v Arnold*, 96 NY2d 358, 363; *see People v Nicholas*, 98 NY2d 749, 750; *People v Chambers*, 97 NY2d 417, 419). While no "particular expurgatory oath or 'talismanic' words [are required,] . . . [prospective] jurors must clearly express that any prior experiences or opinions that reveal the potential for bias will not prevent them from reaching an impartial verdict" (*Arnold*, 96 NY2d at 362; *see People v Strassner*, 126 AD3d 1395, 1396). Here, the statement of a prospective juror during voir dire with respect to the credibility of the testimony of police officers or bias

in favor of the police cast serious doubt on his ability to render an impartial verdict (*see Nicholas*, 98 NY2d at 751-752; *Strassner*, 126 AD3d at 1396; *People v Lewis*, 71 AD3d 1582, 1583-1584), and that prospective juror failed to provide "unequivocal assurance that [he could] set aside any bias and render an impartial verdict based on the evidence" (*People v Johnson*, 94 NY2d 600, 614).  Contrary to the court's conclusion, we conclude that the prospective juror's answers to the questions asked by the court after he expressed bias toward the police were "insufficient to constitute such an unequivocal declaration" (*People v Bludson*, 97 NY2d 644, 646; *see Strassner*, 126 AD3d at 1396).  "Inasmuch as defendant had exhausted all of his peremptory challenges before the completion of jury selection, the denial of defendant's challenge[] for cause constitutes reversible error" (*Strassner*, 126 AD3d at 1396; *see* CPL 270.20 [2]).

Contrary to the further contention of defendant, we conclude that the court properly refused to suppress evidence seized from his home.  Contrary to defendant's contention, the confidential informant's basis of knowledge was sufficiently established at the in camera *Darden* hearing (*see People v Darden*, 34 NY2d 177).  "Without disclosing the exact substance of the *Darden* hearing testimony, we conclude that the information from the informant, in its totality, provided ample basis to conclude that the informant had a basis for his or her knowledge that defendant was in possession of [drugs or drug paraphernalia]" (*People v Knight*, 94 AD3d 1527, 1528-1529, *lv denied* 19 NY3d 998 [internal quotation marks omitted]).  We further conclude that the hearsay information supplied in the search warrant application satisfied the two prongs of the *Aguilar-Spinelli* test and that the search warrant was issued upon probable cause (*see People v Monroe*, 82 AD3d 1674, 1675, *lv denied* 17 NY3d 808; *People v Flowers*, 59 AD3d 1141, 1142-1143; *People v Hernandez*, 262 AD2d 1032, 1032, *lv denied* 94 NY2d 863).  In view of the quality of the confidential informant's information, it is irrelevant that the controlled buy did not occur at defendant's home (*see People v Myhand*, 120 AD3d 970, 974, *lv denied* 25 NY3d 952).  Consequently, although we agree with defendant that we cannot uphold the suppression ruling based on the eavesdropping information inasmuch as the court did not rely on that information in refusing to suppress the evidence (*see People v Concepcion*, 17 NY3d 192, 195; *People v Roosevelt*, 125 AD3d 1452, 1454), we reject defendant's contention that the evidence recovered from his residence should have been suppressed.

Entered:  July 2, 2015                              Frances E. Cafarell
                                                    Clerk of the Court