People v Rivera (2019 NY Slip Op 01344)





People v Rivera


2019 NY Slip Op 01344


Decided on February 26, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 26, 2019

Sweeny, J.P., Manzanet-Daniels, Webber, Oing, Singh, JJ.


8494 3285/09

[*1]The People of the State of New York, Respondent,
v
John Rivera, Defendant-Appellant.


Seymour W. James, Jr., The Legal Aid Society, New York (Michael C. Taglieri of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Stephen Kress of counsel), for respondent.



Judgment, Supreme Court, New York County (Marcy L. Kahn, J.), rendered January 5, 2010, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the seventh degree, and sentencing him to a term of one year, unanimously affirmed.
The court correctly denied defendant's challenge for cause to a prospective juror. Although the panelist originally demonstrated a misapprehension of the burden of proof in criminal cases, he then repeatedly and unequivocally affirmed that he would follow the court's instructions regarding the law, regardless of whether they conflicted with his own understanding (see People v Bludson , 97 NY2d 644, 645-46 [2001]; People v Johnson , 94 NY2d 600, 614 [2000]). He also unequivocally affirmed that he understood that the only party with any burden to convince him of anything was the prosecution.
To the extent defendant is arguing that the panelist's professional experience was a factor supporting a challenge for cause, that argument is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits. The panelist's background as an expert witness on financial matters in civil cases did not create any potential for him to inappropriately influence jury deliberations (see People v Arnold , 96 NY2d 358, 364-68 [2001]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 26, 2019
CLERK