People v Hernandez (2019 NY Slip Op 05844)





People v Hernandez


2019 NY Slip Op 05844


Decided on July 31, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 31, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, NEMOYER, CURRAN, AND TROUTMAN, JJ.


71 KA 17-01068

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JOSE L. HERNANDEZ, DEFENDANT-APPELLANT. 






J. SCOTT PORTER, SENECA FALLS, FOR DEFENDANT-APPELLANT.
BARRY L. PORSCH, DISTRICT ATTORNEY, WATERLOO (CHRISTOPHER W. FOLK OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Seneca County Court (Dennis F. Bender, J.), rendered May 1, 2017. The judgment convicted defendant, upon a jury verdict, of assault in the second degree (two counts), aggravated criminal contempt, menacing in the second degree and criminal possession of a weapon in the fourth degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law and a new trial is granted on counts one, two, five, seven and eight of the indictment.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, two counts of assault in the second degree (Penal Law § 120.05 [1], [2]). Defendant contends that the evidence is legally insufficient to support the conviction because the People purportedly failed to prove that the crimes occurred on August 9, 2016 (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). We reject that contention. As permitted by statute (see CPL 200.50 [6]), the indictment alleged that the crimes occurred "on or about August 9, 2016." The jury was instructed accordingly. Thus, even if, as defendant claims, the People proved only that the crimes occurred on the evening of August 8, 2016, such proof establishes that the crimes occurred "on or about August 9, 2016" in accordance with the indictment and the jury instructions (emphasis added) (see generally People v Rodriguez, 88 AD3d 600, 601 [1st Dept 2011]).
We agree with defendant, however, that County Court erred in denying his challenge for cause to prospective juror number 13 (prospective juror). It is well established that "prospective jurors who give some indication of bias but do not provide an unequivocal assurance of impartiality must be excused for cause" (People v Nicholas, 98 NY2d 749, 750 [2002]; see People v Arnold, 96 NY2d 358, 362 [2001]; People v Johnson, 94 NY2d 600, 614 [2000]). Here, by repeatedly insisting that police officers were unlikely to lie under oath because doing so would endanger their pensions, the prospective juror "cast serious doubt on [her] ability to render a fair verdict under the proper legal standards" and to follow the court's instructions concerning, at a minimum, issues of witness credibility (People v Bludson, 97 NY2d 644, 646 [2001]; see People v Mitchum, 130 AD3d 1466, 1467 [4th Dept 2015]; People v Strassner, 126 AD3d 1395, 1396 [4th Dept 2015]). The court was therefore "required to elicit some unequivocal assurance from the . . . prospective juror[] that [she was] able to reach a verdict based entirely upon the court's instructions on the law" (Bludson, 97 NY2d at 646). No such assurances were obtained from the prospective juror, and the court thus erred in denying defendant's challenge for cause with respect to that juror (see id. at 645-646). Because defendant peremptorily challenged the prospective juror and thereafter exhausted his peremptory challenges, we must reverse the judgment and grant a new trial on counts one, two, five, seven and eight of the indictment (see CPL 270.20 [2]; Mitchum, 130 AD3d at 1467; Strassner, 126 AD3d at 1396).
Because we are granting a new trial, we address defendant's challenge to the court's suppression ruling in the interest of judicial economy and conclude that the court erred in refusing to suppress defendant's statements to police at his home and at the police station. With respect to the statements at defendant's home, it is undisputed that defendant was ordered out of his bedroom by police officers in the middle of the night, directed to remain in a vestibule outside his apartment, and thereafter subjected to pointed, accusatory questions for about an hour. Under those circumstances, we agree with defendant that a reasonable person, innocent of any crime, would not have felt free to leave, and that he was thus in custody during the questioning, which the People correctly concede constituted interrogation (cf. People v Thomas, 166 AD3d 1499, 1500 [4th Dept 2018], lv denied 32 NY3d 1178 [2019]; People v Kelley, 91 AD3d 1318, 1318-1319 [4th Dept 2012], lv denied 19 NY3d 963 [2012]; see generally People v Yukl, 25 NY2d 585, 589 [1969], cert denied 400 US 851 [1970]; People v Boyle, 239 AD2d 512, 512-513 [2d Dept 1997]; People v Perkins, 189 AD2d 830, 832-833 [2d Dept 1993]). Because defendant was not Mirandized before the custodial interrogation at his house, the statements that he made during that interrogation should have been suppressed (see People v Mejia, 64 AD3d 1144, 1145-1146 [4th Dept 2009], lv denied 13 NY3d 861 [2009]).
With respect to the statements at the police station, defendant unequivocally invoked his right to counsel by stating "I think I will take the lawyer" or "I think I need a lawyer" (see People v Bethea, 159 AD3d 710, 711-712 [2d Dept 2018], lv denied 31 NY3d 1115 [2018]; see also People v Harris, 93 AD3d 58, 67-70 [2d Dept 2012], affd 20 NY3d 912 [2012]; People v Porter, 9 NY3d 966, 967 [2007]). Thus, we agree with defendant that his statements following his unequivocal invocation of his right to counsel at the police station should have been suppressed as well (see People v Jackson, 171 AD3d 1458, 1459 [4th Dept 2019]; Bethea, 159 AD3d at 711-712).
Defendant's remaining contentions are academic in light of our determination.
Entered: July 31, 2019
Mark W. Bennett
Clerk of the Court