People v Laverpool (2020 NY Slip Op 03745)





People v Laverpool


2020 NY Slip Op 03745


Decided on July 2, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 2, 2020

Manzanet-Daniels, J.P., Gische, Kern, Oing, González, JJ.


11759 3610/15

[*1] The People of the State of New York, Respondent,
v
Desmond Laverpool, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Molly Schindler of counsel), and White & Case LLP, New York (Hyun Bin Kang of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Diana Wang of counsel), for respondent.



Judgment, Supreme Court, New York County (Gilbert C. Hong, J.), rendered on March 10, 2017, convicting defendant, after a jury trial, of grand larceny in the fourth degree, and sentencing him, as a second felony offender, to a term of two to four years, unanimously reversed, on the law, and the matter remanded for a new trial.
Defendant's challenge for cause to a prospective juror should have been granted. The challenged panelist stated that he could not be "fully fair" if defendant did not testify and "defend himself," and that it might be difficult for him to acquit a defendant who did not testify, because then "we only get one side." This reflected a state of mind likely to preclude the rendering of an impartial verdict (see CPL 270.20[1][b]), and the court did not elicit an unequivocal assurance that he would set aside any bias and render an impartial verdict based on the evidence (see People v Bludson , 97 NY2d 644 [2001]). When the court asked if he would "hold it against" defendant if defendant did not testify, he responded "No, not hold it against him, but —- I don't know." When the court further asked whether defendant's failure to testify would trouble the panelist to the point where he could not give defendant a fair trial, he responded "I think I'll be able to give him a fair trial." Although expressions such as "I think" are not disqualifying, here the panelist's responses, viewed as a whole, fell short of the required express and unequivocal declarations (see People v Blyden , 55 NY2d 73, 79 [1982]). "If there is any doubt about a prospective juror's impartiality, trial courts should err on the side of excusing the juror, since at worst the court will have replaced one impartial juror with another" (People v Arnold , 96 NY2d 358, 362 [2001] [internal quotation marks omitted]).
Because we are ordering a new trial, we find it unnecessary to reach any other issues, except to find that defendant is not entitled to dismissal of the indictment, because the verdict was supported by legally sufficient evidence and was not against the weight of the evidence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JULY 2, 2020
CLERK