People v Cobb (2020 NY Slip Op 04055)





People v Cobb


2020 NY Slip Op 04055


Decided on July 17, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 17, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, NEMOYER, TROUTMAN, AND BANNISTER, JJ.


617 KA 19-00215

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JAQUAN COBB, DEFENDANT-APPELLANT. 






DAVID P. ELKOVITCH, AUBURN, FOR DEFENDANT-APPELLANT.
JON E. BUDELMANN, DISTRICT ATTORNEY, AUBURN (CHRISTOPHER T. VALDINA OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Cayuga County Court (Mark H. Fandrich, A.J.), rendered June 27, 2017. The judgment convicted defendant, upon a jury verdict, of promoting prison contraband in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law and a new trial is granted.
Memorandum: Defendant appeals from a judgment, rendered upon a jury verdict, convicting defendant of promoting prison contraband in the first degree (Penal Law § 205.25 [2]). We agree with defendant that County Court erred in denying defendant's challenge for cause to prospective juror number 6 (prospective juror).
"It is well established that prospective jurors who give some indication of bias but do not provide an unequivocal assurance of impartiality must be excused for cause' " (People v Hernandez, 174 AD3d 1352, 1353 [4th Dept 2019], quoting People v Nicholas, 98 NY2d 749, 750 [2002]; see People v Arnold, 96 NY2d 358, 362 [2001]; People v Johnson, 94 NY2d 600, 614 [2000]). Here, the prospective juror gave "some indication of bias" (Nicholas, 98 NY2d at 750) by stating that her friendship with a prosecution witness "might" "affect [her] ability to be fair and impartial in this case" and that serving as a juror "might be awkward" in light of that friendship (see People v Malloy, 137 AD3d 1304, 1305 [2d Dept 2016], lv dismissed 27 NY3d 1135 [2016]; People v Walton, 51 AD3d 1148, 1148 [3d Dept 2008]; People v Moorer, 77 AD2d 575, 576 [2d Dept 1980]; cf. People v Collazo, 294 AD2d 102, 103 [1st Dept 2002], lv denied 98 NY2d 767 [2002]).
Contrary to the court's determination, the prospective juror did not give an unequivocal assurance of impartiality by merely stating, during follow-up questioning, that she would not feel compelled to "answer" to the witness for her verdict. The fact that a prospective juror would not feel compelled to answer to another person for their verdict does not necessarily mean that such prospective juror "can be fair" (Arnold, 96 NY2d at 362 [emphasis added]). Indeed, a person could be unable to judge a case impartially while simultaneously being confident that he or she would not have to answer for the verdict to any other person. Thus, the prospective juror's assurances that she would not feel compelled to answer to the witness for her verdict does not constitute the unequivocal assurance of impartiality required by law.
Inasmuch as defendant peremptorily challenged the prospective juror and thereafter exhausted all available peremptory challenges, we must reverse the judgment and grant defendant a new trial (see CPL 270.20 [2]; People v Mateo, 21 AD3d 1392, 1392-1393 [4th Dept 2005]). Defendant's remaining contentions are academic in light of our determination.
Entered: July 17, 2020
Mark W. Bennett
Clerk of the Court