People v Tillmon (2021 NY Slip Op 04848)





People v Tillmon


2021 NY Slip Op 04848


Decided on August 26, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 26, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CARNI, LINDLEY, CURRAN, AND BANNISTER, JJ.


563 KA 19-01437

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JUSTIN M. TILLMON, DEFENDANT-APPELLANT. (APPEAL NO. 1.) 






DAVID P. ELKOVITCH, AUBURN, FOR DEFENDANT-APPELLANT.
JON E. BUDELMANN, DISTRICT ATTORNEY, AUBURN (CHRISTOPHER T. VALDINA OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Cayuga County Court (Mark H. Fandrich, A.J.), rendered June 11, 2019. The judgment convicted defendant upon a jury verdict of assault in the second degree (two counts), assault in the third degree, unlawful imprisonment in the second degree, criminal obstruction of breathing or blood circulation, resisting arrest and endangering the welfare of a child (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law and a new trial is granted on counts three through eight of the indictment, and counts one and two of the indictment are dismissed, without prejudice to the People to re-present any appropriate charges with respect to such dismissed counts to another grand jury.
Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him after a jury trial of, inter alia, two counts of assault in the second degree (Penal Law § 120.05 [3]), and one count each of unlawful imprisonment in the second degree (§ 135.05) and criminal obstruction of breathing or blood circulation (§ 121.11). In appeal No. 2, he appeals from a judgment convicting him after a jury trial of, inter alia, criminal contempt in the first degree (§ 215.51 [b] [iv]). In appeal No. 1, contrary to defendant's contention, we conclude that the conviction of assault in the second degree as charged in count four of the indictment is supported by legally sufficient evidence (see People v Bleakley, 69 NY2d 490, 495 [1987]; see also People v Chiddick, 8 NY3d 445, 447-448 [2007]; People v Talbott, 158 AD3d 1053, 1054 [4th Dept 2018], lv denied 31 NY3d 1088 [2018]).
We further conclude that, contrary to defendant's contention in both appeals, County Court did not abuse its discretion in granting the People's motion to consolidate the indictments (see People v Cooney [appeal No. 2], 137 AD3d 1665, 1666 [4th Dept 2016], appeal dismissed 28 NY3d 957 [2016]; People v Bankston, 63 AD3d 1616, 1616 [4th Dept 2009], lv denied 14 NY3d 885 [2010]; see generally People v Lane, 56 NY2d 1, 8 [1982]). The court properly determined that the indictments were joinable under CPL 200.20 (2) (b) on the basis of overlapping evidence because the charges in the first indictment arose from an incident in which defendant violently assaulted his ex-girlfriend and the police officers who tried to arrest him, and the charges in the second indictment arose from incidents in which defendant violated orders of protection issued after the assault and tried to dissuade witnesses from testifying (see People v Smith [appeal No. 1], 186 AD3d 1106, 1107 [4th Dept 2020]; People v Perez, 47 AD3d 409, 410-411 [1st Dept 2008], lv denied 10 NY3d 843 [2008]).
We agree with defendant, however, that the court erred in denying his challenge for cause to a prospective juror during voir dire, inasmuch as the court failed to obtain an unequivocal assurance of impartiality from the prospective juror in question. "It is well established that '[p]rospective jurors who make statements that cast serious doubt on their ability to render an impartial verdict, and who have given less-than-unequivocal assurances of impartiality, must be [*2]excused' " (People v Mitchum, 130 AD3d 1466, 1467 [4th Dept 2015]; see People v Strassner, 126 AD3d 1395, 1395 [4th Dept 2015]). While no "particular expurgatory oath or 'talismanic' words [are required,] . . . [prospective] jurors must clearly express that any prior experiences or opinions that reveal the potential for bias will not prevent them from reaching an impartial verdict" (People v Arnold, 96 NY2d 358, 362 [2001]).
Here, the prospective juror in question himself expressed "doubt [as to his] own ability to be impartial in the case at hand" (People v Johnson, 94 NY2d 600, 614 [2000]) when he stated during voir dire that he was "not sure" whether he could be fair and impartial due to his family members' experience with domestic violence (see e.g. People v Rodriguez, 172 AD3d 509, 509 [1st Dept 2019]; People v Hickman, 154 AD3d 493, 493 [1st Dept 2017]; People v Malloy, 137 AD3d 1304, 1305 [2d Dept 2016], lv dismissed 27 NY3d 1135 [2016]). The court erred when it did not obtain thereafter any "unequivocal assurance" from the prospective juror that he could render an impartial verdict (People v Casillas, 134 AD3d 1394, 1396 [4th Dept 2015] [internal quotation marks omitted]). "Inasmuch as defendant had exhausted all of his peremptory challenges before the completion of jury selection, the denial of defendant's challenge[] for cause" constitutes reversible error in each appeal (Strassner, 126 AD3d at 1396; see CPL 270.20 [2]; Casillas, 134 AD3d at 1396). In appeal No. 1, we therefore reverse the judgment and grant a new trial on counts three through eight of the indictment. Inasmuch as defendant was convicted of unlawful imprisonment as a lesser included offense under count one of the indictment in appeal No. 1 and convicted of criminal obstruction of breathing or blood circulation as a lesser included offense under count two of the indictment in that appeal, we dismiss those counts with leave to re-present any appropriate charges with respect thereto to another grand jury. In appeal No. 2, we therefore reverse the judgment and grant a new trial.
In light of our determination, we do not address defendant's remaining contentions.
Entered: August 26, 2021
Mark W. Bennett
Clerk of the Court