People v Lewis (2021 NY Slip Op 07426)





People v Lewis


2021 NY Slip Op 07426


Decided on December 23, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, NEMOYER, CURRAN, AND WINSLOW, JJ.


1037 KA 19-01650

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DON LEWIS, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (JANE I. YOON OF COUNSEL), FOR DEFENDANT-APPELLANT. 
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (MATTHEW B. POWERS OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Erie County (Deborah A. Haendiges, J.), rendered September 10, 2018. The judgment convicted defendant, upon a jury verdict, of criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law and a new trial is granted.
Memorandum: Defendant appeals from a judgment convicting him, following a jury trial, of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]). Defendant contends that Supreme Court erred in denying his challenge for cause to a prospective juror whose statements during voir dire cast doubt on the prospective juror's ability to be impartial. We agree.
It is well established that " '[p]rospective jurors who make statements that cast serious doubt upon their ability to render an impartial verdict, and who have given less-than-unequivocal assurances of impartiality, must be excused' " (People v Mitchum, 130 AD3d 1466, 1467 [4th Dept 2015]; see People v Warrington, 28 NY3d 1116, 1119-1120 [2016]; People v Clark, 171 AD3d 1530, 1530 [4th Dept 2019]). Here, the statement of a prospective juror during voir dire with respect to the credibility of the testimony of police officers or bias in favor of the police cast serious doubt on his ability to render an impartial verdict, and that prospective juror failed to provide " 'unequivocal assurance that [he could] set aside any bias and render an impartial verdict based on the evidence' " (Mitchum, 130 AD3d at 1467; see People v Nicholas, 286 AD2d 861, 861-862 [4th Dept 2001], affd 98 NY2d 749 [2002]; People v Lewis, 71 AD3d 1582, 1583 [4th Dept 2010]).
In light of our determination, we do not address defendant's
remaining contentions.
Entered: December 23, 2021
Ann Dillon Flynn
Clerk of the Court