People v Smith (2023 NY Slip Op 03647)

People v Smith

2023 NY Slip Op 03647

Decided on June 30, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 30, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., LINDLEY, CURRAN, BANNISTER, AND OGDEN, JJ.

530 KA 18-02053

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
HERBERT SMITH, DEFENDANT-APPELLANT. 

MARK D. FUNK, CONFLICT DEFENDER, ROCHESTER (CAROLYN R. WALTHER OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (KAYLAN C. PORTER OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Monroe County Court (Victoria M. Argento, J.), rendered July 19, 2018. The judgment convicted defendant upon a jury verdict of burglary in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law and a new trial is granted.
Memorandum: Defendant appeals from a judgment convicting him after a jury trial of burglary in the third degree (Penal Law
§ 140.20). We agree with defendant that County Court erred in denying his challenges for cause to two prospective jurors, and we therefore reverse the judgment and grant a new trial.
It is well established that, when a prospective juror makes a statement or statements that "cast serious doubt on their ability to render an impartial verdict" (People v Arnold, 96 NY2d 358, 363 [2001]), that prospective juror must be excused for cause unless they provide an "unequivocal assurance that they can set aside any bias and render an impartial verdict based on the evidence" (People v Johnson, 94 NY2d 600, 614 [2000]; see People v Nicholas, 98 NY2d 749, 750 [2002]; People v Chambers, 97 NY2d 417, 419 [2002]).
Here, "[t]here is no question that [the] statements [made by the two prospective jurors] cast serious doubt on [their] ability to render an impartial verdict" (People v Lewis, 71 AD3d 1582, 1583 [4th Dept 2010]; see People v Nicholas, 286 AD2d 861, 862 [4th Dept 2001], affd 98 NY2d 749 [2002]; People v Mitchum, 130 AD3d 1466, 1467 [4th Dept 2015]; People v White, 275 AD2d 913, 914 [4th Dept 2000]).
The first prospective juror stated in response to a question concerning police officers that she "was raised to respect them" and that, because "they're the people that are protecting you, you should trust them." When further probed about weighing the credibility of a police officer's testimony against a defendant's testimony, she stated that she would "most likely [believe] the police officer." The second prospective juror stated that, because of his work as an emergency medical technician, he saw police "in a very positive light." When asked the same question about whose version of events he would believe, the prospective juror stated "[t]o be completely honest, probably the first responder police officer."
Further, both prospective jurors repeated that they would likely believe a police officer's account of an event over a defendant's version after the court attempted to rehabilitate them (see Lewis, 71 AD3d at 1583). Thus, their respective affirmative answers when the court asked them if they could be fair and impartial were "insufficient to constitute . . . unequivocal declaration[s]" that they could set aside their stated bias in favor of police officers (People v Bludson, 97 NY2d 644, 646 [2001]). After the court denied his challenges for cause, defendant used peremptory [*2]challenges to remove the two prospective jurors from the venire and, therefore, "[b]ecause defendant exhausted all of his peremptory challenges before the completion of jury selection, reversal is required" (Lewis, 71 AD3d at 1584; see CPL 270.20 [2]; People v Strassner, 126 AD3d 1395, 1396 [4th Dept 2015]).
In light of our determination, we do not address defendant's remaining contentions.
Entered: June 30, 2023
Ann Dillon Flynn
Clerk of the Court