People v Cheese (2024 NY Slip Op 05712)

People v Cheese

2024 NY Slip Op 05712

Decided on November 15, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 15, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., BANNISTER, OGDEN, NOWAK, AND DELCONTE, JJ.

740 KA 22-01649

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
MIEQUIN CHEESE, DEFENDANT-APPELLANT. 

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (J. SCOTT PORTER OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (DAVID D. BASSETT OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Onondaga County Court (Thomas J. Miller, J.), rendered September 9, 2021. The judgment convicted defendant, upon a jury verdict, of murder in the second degree and criminal possession of a weapon in the second degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law and a new trial is granted.
Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of murder in the second degree (Penal Law § 125.25 [1]), and two counts of criminal possession of a weapon in the second degree (§ 265.03 [1] [b]; [3]).
Defendant contends that the conviction is not supported by legally sufficient evidence and that the verdict is against the weight of the evidence. Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621 [1983]), we conclude that the conviction is supported by legally sufficient evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Moreover, viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally Bleakley, 69 NY2d at 495).
We agree with defendant, however, that County Court erred in denying defendant's challenge for cause to a prospective juror. "It is well established that 'prospective jurors who give some indication of bias but do not provide an unequivocal assurance of impartiality must be excused for cause' " (People v Hernandez, 174 AD3d 1352, 1353 [4th Dept 2019], quoting People v Nicholas, 98 NY2d 749, 750 [2002]; see People v Arnold, 96 NY2d 358, 362 [2001]; People v Johnson, 94 NY2d 600, 614 [2000]). Here, the prospective juror gave "some indication of bias" (Nicholas, 98 NY2d at 750) by stating that he "[a]bsolutely" might hold it against defendant if defendant chose not to testify (see People v Bludson, 97 NY2d 644, 645-646 [2001]; People v Hargis, 151 AD3d 1946, 1947 [4th Dept 2017]).
Contrary to the court's determination, the prospective juror did not "give unequivocal assurance that [he could] set aside any bias and render an impartial verdict based on the evidence" (Johnson, 94 NY2d at 614). Although CPL 270.20 (1) (b) "does not require any particular expurgatory oath or 'talismanic' words . . . , [a prospective] juror[ ] must clearly express that any prior experiences or opinions that reveal the potential for bias will not prevent [the prospective juror] from reaching an impartial verdict" (Arnold, 96 NY2d at 362; see People v Harris, 19 NY3d 679, 685 [2012]). "If there is any doubt about a prospective juror's impartiality, [the] trial court[ ] should err on the side of excusing the juror, since at worst the court will have 'replaced one impartial juror with another' " (Arnold, 96 NY2d at 362; see People v Warrington, 28 NY3d 1116, 1120 [2016]; Harris, 19 NY3d at 685; People v Johnson, 94 NY2d 600, 616 [2000]). We conclude that the prospective juror's act of nodding his head [*2]affirmatively after the court gave an instruction and posed a question to the entire jury panel was "insufficient to constitute such an unequivocal declaration" (Bludson, 97 NY2d at 646; see People v Strassner, 126 AD3d 1395, 1396 [4th Dept 2015]). Contrary to the People's urging, this case is distinguishable from People v Smith (200 AD3d 1689 [4th Dept 2021], lv denied 38 NY3d 954 [2022]). In Smith, the court's questioning "was addressing the remaining two prospective jurors who had expressed a desire to hear from defendant—including the [prospective] juror [at issue]," and was not, as here, addressing the panel as a whole (id. at 1692). Additionally, in Smith the prospective juror made a verbal affirmative response "when asked by the court if he could assure the court that he would 'be fair and impartial and render a verdict in accordance with the evidence and the law as [the court] explain[ed] it' " (id.). Further, the People's reliance on People v Brzezicki (249 AD2d 917, 917-918 [4th Dept 1998]) is misplaced because that case predates the Court of Appeals' determination that "the collective acknowledgment by the entire jury panel that they would follow the [court's] instructions . . . [is] insufficient to constitute an unequivocal declaration of impartiality" from a prospective juror who gave some indication of bias (Arnold, 96 NY2d at 363; see Bludson, 97 NY2d at 646).
Inasmuch as defendant peremptorily challenged the prospective juror and thereafter exhausted all available peremptory challenges, we must reverse the judgment and grant defendant a new trial (see CPL 270.20 [2]; People v Heverly, 224 AD3d 1243, 1245 [4th Dept 2024]).
In light of our determination, we do not address defendant's remaining contention.
Entered: November 15, 2024
Ann Dillon Flynn
Clerk of the Court