■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARRELL HOLMES, Appellant. [753 NYS2d 917] —Appeal from a judgment of Supreme Court, Monroe County (Mark, J.), entered March 15, 2001, convicting defendant after a jury trial of, inter alia, driving while ability impaired.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously reversed on the law, a new trial is granted on counts two and three of the indictment, and count one of the indictment is dismissed without prejudice to the People to file any appropriate charge under that count.

Memorandum: On appeal from a judgment convicting him following a jury trial of, inter alia, the lesser included offense of driving while ability impaired (Vehicle and Traffic Law § 1192 [1]), defendant contends that Supreme Court erred in denying his challenges for cause to two potential jurors. We agree. The challenged jurors each expressed that they would have a tendency to give more credibility to a police officer's testimony merely because that witness was a police officer. Subsequently, the court instructed the panel that they were required to treat police officer witnesses the same as "nonpolice officer" witnesses. The court then asked the panel, "Is there anybody that cannot follow that instruction[?] Can you all follow the instruction?" One potential juror responded, but the challenged jurors remained mute.

Where, as here, potential jurors have indicated a possible bias, they "must be excused unless they provide 'unequivocal assurance that they can set aside any bias and render an impartial verdict based on the evidence'" (*People v Nicholas*, 98 NY2d 749, 751-752, *affg* 286 AD2d 861; *see People v Johnson*, 94 NY2d 600, 614). Such assurance must be obtained from "each" of those potential jurors (*Nicholas*, 98 NY2d at 752) because a question to the entire panel does not force each of them "to confront the crucial question whether [he or] she could be fair to this defendant in light of [his or] her expressed predisposition" (*People v Arnold*, 96 NY2d 358, 363-364). Furthermore, based on the juxtaposed questions asked by the court in this case, we can infer nothing from the silence of the challenged jurors.

Based on our resolution of this issue, we see no need to address defendant's remaining contentions. We therefore reverse the judgment and grant a new trial on counts two and three of the indictment. Because defendant was acquitted of the first count of the indictment, we dismiss that count without prejudice to the People to file any appropriate charge under that count (*see People v Vigliotti*, 203 AD2d 898; *see also People v*

*Gonzalez*, 61 NY2d 633, 635). Present—Green, J.P., Pine, Hurlbutt, Kehoe and Hayes, JJ.