# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**509**

**KA 11-02365**

PRESENT: SMITH, J.P., FAHEY, CARNI, SCONIERS, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                        MEMORANDUM AND ORDER

EFFRIN MCNEILL, DEFENDANT-APPELLANT.

---

LINDA M. CAMPBELL, SYRACUSE, FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (MARIA MALDONADO OF COUNSEL), FOR RESPONDENT.

-------------------------------------------------------------------------------------------------

Appeal from a judgment of the Onondaga County Court (William D. Walsh, J.), rendered November 7, 2011. The judgment convicted defendant, upon a jury verdict, of robbery in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of robbery in the first degree (Penal Law § 160.15 [3]). Contrary to defendant's contention, County Court properly denied his request to charge robbery in the third degree (§ 160.05) as a lesser included offense of robbery in the first degree. We conclude that there was no reasonable view of the evidence that defendant committed robbery in the third degree and not robbery in the first degree inasmuch as there was no evidence that defendant used physical force other than the threatened use of a knife, i.e., a dangerous instrument (*see* Penal Law §§ 10.00 [13]; 160.15 [3]), to steal the property (*see People v James*, 11 NY3d 886, 888). Indeed, the store clerk testified that defendant displayed and threatened the use of a knife and identified a knife that was recovered from defendant as being the knife that was used during the robbery. Furthermore, although the surveillance recording of the robbery does not clearly show the knife in defendant's hand, the recording confirms the clerk's testimony that he stepped back when he saw the knife.

Defendant further contends that he was denied a fair trial by the admission of a witness's prior consistent statement, to wit, the store clerk was permitted to testify that he told his store manager and a police officer that the perpetrator displayed a knife during the robbery. Although "[a]n out-of-court statement made by a witness [that] is consistent with that witness's trial testimony is generally inadmissible as hearsay" (*People v Mack*, 89 AD3d 864, 866, *lv denied* 18 NY3d 959), any error in admitting that testimony was harmless.

There is overwhelming evidence of defendant's guilt and there is no significant probability that he would have been acquitted but for the error (*see People v Corchado*, 299 AD2d 843, 844, *lv denied* 99 NY2d 581; *People v Alshoaibi*, 273 AD2d 871, 872, *lv denied* 95 NY2d 960; *see generally People v Crimmins*, 36 NY2d 230, 241-242).

We agree with defendant that the court, in denying his motion to suppress, failed to place its findings of fact and conclusions of law upon the record as required by CPL 710.60 (6). "The failure to do so is not fatal, however, where, as here, there has been a full and fair hearing. In such instances, this [C]ourt may make its own findings of fact and conclusions of law" (*People v Lewis*, 172 AD2d 1020, 1021; *see People v Clark*, 262 AD2d 1051, 1051, *lv denied* 93 NY2d 1016). Defendant moved to suppress certain tangible evidence, contending that it was seized as the result of an arrest that was made without probable cause. We reject that contention. The evidence from the suppression hearing establishes that a store clerk provided the police with a description of the clothing worn by the perpetrator and the unique vehicle he used to leave the scene—a bicycle that was towing a trailer. Based on a radio dispatch containing that information, an officer detained a person riding a bicycle that was towing a trailer near the scene of the robbery. The person riding the bicycle informed the officer that he had just been given the bicycle by another man. That person pointed out another person who was walking nearby, and whose age and clothing fit the description of the perpetrator. Additionally, police officers found items matching the description of the stolen property in the trailer that was attached to the bicycle in question, and defendant was found in possession of a blue pocket knife that was consistent with the knife displayed during the robbery. We thus conclude that the police had probable cause to arrest defendant, i.e., they had "knowledge of facts and circumstances 'sufficient to support a reasonable belief that an offense has been or is being committed' " (*People v Maldonado*, 86 NY2d 631, 635). Finally, we also conclude that the sentence is not unduly harsh or severe.

Entered: June 7, 2013                                    Frances E. Cafarell
                                                         Clerk of the Court