■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JASON JACKSON, Appellant. [4 NYS3d 14]—

Judgment, Supreme Court, Bronx County (Patricia Anne Williams, J.), rendered June 15, 2012, convicting defendant, after a jury trial, of auto stripping in the second degree, attempted assault in the second degree, criminal possession of a weapon in the fourth degree, and petit larceny, and sentencing him to an aggregate term of 2²/₃ to 8 years, unanimously reversed, on the law, and the matter remanded for a new trial.

The court erred in denying, without further inquiry, defendant's challenges for cause to three prospective jurors, against whom defendant ultimately exercised peremptory challenges. In response to defense counsel's questioning during jury selection, the panelists at issue expressed, in one form or other, that it would be difficult for them to decide the case if they did not

"hear from" defendant or hear his "side of the story." The court did not instruct the panel on the People's exclusive burden of proof and a defendant's right not to testify, and it did not elicit from the panelists at issue "some unequivocal assurance" that they would be "able to reach a verdict based entirely upon the court's instructions on the law" (*People v Bludson*, 97 NY2d 644, 646 [2001]).

A prospective juror's statement to the effect that it is "important to hear both sides" raises the "appear[ance] [of] . . . an assertion of a defendant's obligation to present a defense" (*People v Feliciano*, 285 AD2d 371, 371 [1st Dept 2001], *lv denied* 96 NY2d 939 [2001]). Here, although the court had not yet instructed the jurors on the relevant legal principles, defense counsel framed several of her questions in terms of the "right to remain silent." Further, counsel's several other attempts to place her questioning in the context of the legal instructions the jurors would receive were cut short by the court, which indicated that it would instruct the jurors "at the appropriate time." However, the circumstances called for a prompt instruction on the relevant principles regarding the burden of proof and a defendant's right not to testify or present evidence, along with the elicitation of unequivocal assurances that the panelists would follow that charge.

Since we are ordering a new trial, we find it unnecessary to reach defendant's remaining contentions. Concur—Gonzalez, P.J., Acosta, Saxe, Manzanet-Daniels and Clark, JJ.