# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1134**
**KA 13-01588**
PRESENT: SMITH, J.P., PERADOTTO, CARNI, WHALEN, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                MEMORANDUM AND ORDER

ELI E. CASILLAS, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (CAITLIN M. CONNELLY OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (MICHAEL J. HILLERY OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (Deborah A. Haendiges, J.), rendered August 1, 2013. The judgment convicted defendant, upon a jury verdict, of strangulation in the second degree and assault in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law, that part of the omnibus motion seeking to suppress the statements made by defendant and the physical evidence seized from his apartment is granted, and a new trial is granted.

Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of the crimes of strangulation in the second degree (Penal Law § 121.12) and assault in the second degree (§ 120.05 [2]). Contrary to defendant's contention, the conviction is supported by legally sufficient evidence (*see People v Bleakley*, 69 NY2d 490, 495) and, viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see Bleakley*, 69 NY2d at 495).

We agree with defendant, however, that Supreme Court erred in denying that part of his omnibus motion seeking to suppress statements made by defendant and tangible property seized by the police following their warrantless entry into his apartment (hereafter, motion). As a preliminary matter, we note that, as the People correctly concede, the court failed to place its findings of fact and conclusions of law on the record with respect to defendant's motion as required by CPL 710.60 (6). " 'The failure to do so is not fatal, however, where, as here, there has been a full and fair hearing. In such instances, this [C]ourt may make its own findings of fact and conclusions of law' " (*People v McNeill*, 107 AD3d 1430, 1431, *lv denied* 22 NY3d 957). We

reject the People's contention that the "emergency exception" justified the warrantless entry into defendant's apartment. To the contrary, based on our review of the record, we conclude that "the evidence at the suppression hearing [did] not establish that the police 'had reasonable grounds to believe that there [was] an emergency at hand and an immediate need for their assistance for the protection of life or property' " (*People v Liggins*, 64 AD3d 1213, 1215, *appeal dismissed* 16 NY3d 748). Indeed, the People did not present any evidence that the police observed anything unusual once they arrived at defendant's apartment. Although the record indicates that defendant and the victim may have been previously involved in domestic disputes, both police officers testified at the suppression hearing that they did not have direct, personal knowledge of any previous domestic violence or any indication that defendant and the victim were engaged in a domestic dispute at the time they arrived at the apartment. The police officers testified only that they knew that defendant was inside the apartment but would not answer the door. In our view, such testimony is insufficient to support a determination that the "emergency exception" applied to justify the warrantless entry. We therefore grant that part of the motion seeking to suppress the statements made by defendant and the physical evidence seized from his apartment, and we grant a new trial.

In view of our resolution of the suppression issue, there is no need to address defendant's remaining contentions. We note, however, that we agree with defendant that the court erred in denying his challenges for cause to five prospective jurors during voir dire, inasmuch as the court failed to obtain unequivocal assurances of impartiality from each juror. "It is well established that '[p]rospective jurors who make statements that cast serious doubt on their ability to render an impartial verdict, and who have given less-than-unequivocal assurances of impartiality, must be excused' " (*People v Mitchum*, 130 AD3d 1466, 1467; *see People v Strassner*, 126 AD3d 1395, 1396). While no "particular expurgatory oath or 'talismanic' words [are required,] . . . [prospective] jurors must clearly express that any prior experiences or opinions that reveal the potential for bias will not prevent them from reaching an impartial verdict" (*People v Arnold*, 96 NY2d 358, 362). Here, the record establishes that five out of the six prospective jurors clearly expressed concerns that not hearing from defendant or someone on behalf of defendant would affect, inter alia, their ability to be fair and impartial. In response, the court instructed the jury panel that defendant has no responsibility to put on any proof, that he may or may not call witnesses, that he may or may not take the witness stand, and that it is the prosecution's burden to prove the elements of the crimes of which defendant is accused. The court then asked the jury panel whether anyone had "a problem sitting as a fair and impartial juror in this case?" The five prospective jurors at issue remained silent.

In our view, the statements of the five prospective jurors cast serious doubt on their ability to render an impartial verdict (*see People v Bludson*, 97 NY2d 644, 646; *People v Thorn*, 269 AD2d 756, 757). The court erred in not obtaining thereafter an "unequivocal

assurance . . . from each of those potential jurors" to the effect that he or she could render an impartial verdict (*People v Holmes*, 302 AD2d 936, 936 [internal quotation marks omitted]; *see People v Nicholas*, 98 NY2d 749, 751-752).  Furthermore, "we can infer nothing from the [collective] silence of the challenged jurors" (*Holmes*, 302 AD2d at 936).  "Inasmuch as defendant had exhausted all of his peremptory challenges before the completion of jury selection, the denial of defendant's challenges for cause" would likewise constitute reversible error (*Strassner*, 126 AD3d at 1396).

Entered:  December 23, 2015                         Frances E. Cafarell
                                                   Clerk of the Court