■ The People of the State of New York, Respondent, v Nicole E. Hargis, Appellant. (Appeal No. 1.) [57 NYS3d 850]—

Appeal from a judgment of the Jefferson County Court (Kim H. Martusewicz, J.), rendered February 2, 2015. The judgment convicted defendant, upon a jury verdict, of predatory sexual assault against a child (two counts), criminal sexual act in the second degree (35 counts), criminal sexual act in the third degree (three counts), rape in the second degree (two counts), rape in the third degree (four counts) and endangering the welfare of a child (three counts).

It is hereby ordered that the judgment so appealed from is unanimously reversed on the law and a new trial is granted on counts 1, 3 through 16, 18 through 50, and 52 of the indictment.

Memorandum: In appeal No. 1, defendant appeals from a judgment convicting her upon a jury verdict of various sex crimes committed against three victims, including two counts of predatory sexual assault against a child (Penal Law § 130.96). In appeal No. 2, she appeals from a judgment convicting her upon the same jury verdict of rape in the second degree (§ 130.30 [1]) committed against a fourth victim. The appeals arise from separate indictments that were joined for trial. In both appeals, viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). We reject defendant's contention that the testimony of the victims was incredible as a matter of law (*see People v St. Ives*, 145 AD3d 1185, 1187-1188 [2016]; *People v Nilsen*, 79 AD3d 1759, 1760 [2010], *lv denied* 16 NY3d 862 [2011]; *People v Baker*, 30 AD3d 1102, 1102-1103 [2006], *lv denied* 7 NY3d 846 [2006]).

We agree with defendant, however, that County Court erred in denying her challenge for cause to a prospective juror whose statements during voir dire cast serious doubt on her ability to be impartial (*see generally* CPL 270.20 [1] [b]; *People v Arnold*, 96 NY2d 358, 362-363 [2001]). Upon being asked by defense counsel whether she thought that she "would have to hear from [defendant] in order to determine what the verdict should be," the prospective juror responded, in relevant part, that she "would like to hear from everyone involved." Defense counsel later asked the prospective juror, by way of confirmation, whether she had said that she would "like to hear from [defendant]," and the prospective juror reiterated that she "would like to hear from everyone." We conclude that the prospective juror's responses suggested that defendant had an obligation to testify, thereby casting serious doubt on her ability to render an impartial verdict (*see People v Bludson*, 97 NY2d 644, 645-646 [2001]; *People v Casillas*, 134 AD3d 1394, 1395-1396 [2015]; *People v Jackson*, 125 AD3d 485, 485-486 [2015]; *People v Givans*, 45 AD3d 1460, 1461 [2007]; *People v Russell*, 16 AD3d 776, 777-778 [2005], *lv denied* 5 NY3d 809 [2005]). We further conclude that the prospective juror's silence when the court subsequently asked the entire panel whether anyone "needs to hear from the defendant or must hear from the defendant

before he or she renders a verdict" did not constitute an unequivocal assurance of impartiality that would warrant denial of defendant's challenge for cause (*see Arnold*, 96 NY2d at 363-364; *Casillas*, 134 AD3d at 1396; *People v Strassner*, 126 AD3d 1395, 1396 [2015]; *cf. People v Taylor*, 134 AD3d 1165, 1169 [2015], *lv denied* 26 NY3d 1150 [2016]). Inasmuch as defendant exercised a peremptory challenge with respect to the prospective juror and exhausted all of her peremptory challenges before the completion of jury selection, the denial of her challenge for cause constitutes reversible error (*see* CPL 270.20 [2]; *Strassner*, 126 AD3d at 1396). We therefore reverse the judgment in each appeal and grant a new trial on the counts of which defendant was convicted.

In view of our determination, we do not address defendant's remaining contentions, including her contention that the court erred in denying her challenge for cause to another prospective juror. Present—Whalen, P.J., Peradotto, DeJoseph, Curran and Winslow, JJ.