People v Padilla (2021 NY Slip Op 00732)





People v Padilla


2021 NY Slip Op 00732


Decided on February 5, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 5, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, WINSLOW, BANNISTER, AND DEJOSEPH, JJ.


907 KA 18-00710

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
EMILIO PADILLA, DEFENDANT-APPELLANT. (APPEAL NO. 1.) 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PIOTR BANASIAK OF COUNSEL), FOR DEFENDANT-APPELLANT. 
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (BRADLEY W. OASTLER OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Onondaga County Court (Stephen J. Dougherty, J.), rendered March 15, 2018. The judgment convicted defendant upon a jury verdict of robbery in the second degree and unlawful fleeing a police officer in a motor vehicle in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law and a new trial is granted on count 5 as amended and count 7 of the indictment.
Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon a jury verdict of robbery in the second degree (Penal Law § 160.10 [2] [b]) and unlawful fleeing a police officer in a motor vehicle in the third degree (§ 270.25). In appeal No. 2, he appeals from a judgment convicting him upon the same jury verdict of attempted robbery in the second degree (§§ 100.00, 160.10 [2] [b]). The appeals arise from separate indictments that were joined for trial. In the course of the proceedings, count 5 of the indictment in appeal No. 1 was amended to charge robbery in the second degree and the sole count of the indictment in appeal No. 2 was amended to charge attempted robbery in the second degree.
We agree with defendant that County Court erred in denying his challenges for cause to two prospective jurors whose statements during voir dire cast serious doubt on their ability to be impartial (see generally CPL 270.20 [1] [b]; People v Arnold, 96 NY2d 358, 362-363 [2001]). During jury selection, defense counsel questioned prospective jurors as to their ability to separately consider the four incidents to which the counts of the indictments related. In particular, defense counsel questioned each juror as to whether he or she would have trouble separating the proof in the case or understanding that the prosecution had to prove each individual incident beyond a reasonable doubt, as well as whether they could set aside any preconceived notions and consider each incident individually. Two prospective jurors indicated that they were not sure if they could consider each incident separately. Specifically, one prospective juror stated, "I don't know if I could," while a second prospective juror stated, "I'm not sure. Like I'm not sure who said it, like the timeframe like if it was one after another, another day, day, day, I don't know if I can separate it. But if it's like once, you know, a year or three years later this—maybe I would be able to separate it then." In response, defense counsel asked, "[i]f the proof you're hearing in this case was that they were separated by a short period of time, cause you to have problems separating the individual events?" The second prospective juror responded, "I think so." Defense counsel sought to clarify whether the second prospective juror would have difficulty "[j]udging each one of them individually?" and the second prospective juror stated, "[y]es." We conclude that the prospective jurors' responses raised serious doubts about their ability to render an impartial verdict (see People v Bludson, 97 NY2d 644, 645-646 [2001]; People v Cobb, 185 AD3d 1432, 1432-1433 [4th Dept 2020]; People v Hargis, 151 AD3d 1946, 1947 [4th Dept 2017]). In response, the court explained to the entire panel that defendant "is presumed to be innocent of each and every one of those [allegations], [*2]and the fact that there was something on one day, something on another day, you're going to decide each and every one of those on its own merits." The court also specifically asked the panel if they understood that they had "to decide each one of the cases on their—each one of the charges on their own merit." The prospective jurors remained silent. We further conclude that the prospective jurors' silence in response to the court's explanation and question did not constitute an unequivocal assurance of impartiality that would warrant denial of defendant's challenges for cause (see Arnold, 96 NY2d at 363-364; Hargis, 151 AD3d at 1947-1948). Inasmuch as defendant exercised peremptory challenges with respect to the prospective jurors and exhausted all of his peremptory challenges before the completion of jury selection, the denial of his challenges for cause constitutes reversible error (see CPL 270.20 [2]; Hargis, 151 AD3d at 1948). We therefore reverse the judgment in appeal No. 1 and grant a new trial on count 5 as amended and count 7 of the indictment, and we reverse the judgment in appeal No. 2 and grant a new trial on the indictment as amended.
Because we are granting a new trial, we address defendant's challenge to the court's suppression ruling in the interest of judicial economy and conclude that the court did not err in refusing to suppress certain tangible property recovered from the apartment of defendant's girlfriend. Specifically, we conclude that the court did not err in determining that defendant lacked standing to contest the legality of the search (see People v Hailey, 128 AD3d 1415, 1417 [4th Dept 2015], lv denied 26 NY3d 929 [2015]; People v Pope, 113 AD3d 1121, 1122 [4th Dept 2014], lv denied 23 NY3d 1041 [2014]; cf. People v Sweat, 159 AD3d 1423, 1424 [4th Dept 2018]). In any event, the court was also correct in concluding in the alternative that, even if defendant had standing to challenge the search of the apartment, the search of the apartment was lawful since it was based on the voluntary and valid consent of defendant's girlfriend (see People v Rivera, 83 AD3d 1370, 1372 [4th Dept 2011], lv denied 17 NY3d 904 [2011]).
Defendant's remaining contentions are academic in light of our determination.
Entered: February 5, 2021
Mark W. Bennett
Clerk of the Court