■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

GAIL TRAIT, Appellant.—Judgment unanimously reversed on the law and new trial granted. Memorandum: The right to the effective assistance of counsel is guaranteed by both the Federal and State Constitutions (US Const 6th Amend; NY Const, art I, § 6). The constitutional requirement is met so long as the evidence, the law, and the circumstances of a particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation *(People v Baldi,* 54 NY2d 137, 147). In reviewing claims of ineffective counsel, our concern is to avoid confusing true ineffectiveness with mere losing tactics and according undue significance to retrospective analysis *(People v Baldi, supra,* at 146). There is no requirement that counsel be free from any errors in the conduct of the trial and his conduct must be considered in its entirety *(People v Dietz,* 79 AD2d 476, 480). What constitutes effective assistance cannot be precisely defined but varies according to the particular circumstances of each representation *(see, People v Baldi, supra,* at 146; *People v Droz,* 39 NY2d 457, 462). "However it is elementary that the right to effective representation includes the right to assistance by an attorney who has taken the time to review and prepare both the law and the facts relevant to the defense * * * and who is familiar with, and able to employ at trial basic principles of criminal law and procedure" *(People v Droz, supra,* at 462).

The record in this case establishes that defense counsel failed to provide meaningful representation to defendant. His opening statement was ill-conceived and ineptly developed. It was rambling and disconnected; it elicited 21 sustained objections, largely because counsel engaged in argument that was appropriate only for summation. His pretrial preparation was inadequate. His decision to forbear making pretrial motions, in the circumstances of this case, was unwise. He did not appear in opposition to the People's motion for an order precluding pretrial motions. Counsel's trial preparation was inadequate to the extent that his direct and cross-examination of witnesses was rendered largely ineffective. The lack of preparation was particularly evident in the examination of defense psychiatrists and thus provided minimal support for the insanity defense. This omission left these witnesses unnecessarily vulnerable to skillful cross-examination which proper preparation could have avoided. The trial court observed that counsel alienated the jurors to such an extent that it may have had an adverse effect on their verdict. Counsel's decorum and deportment, characterized by the court at times as inex-

cusable and reprehensible, may have contributed to this alienation. Counsel engaged in excessive and purposeless cross-examination of prosecution witnesses. The effect of the answers elicited during this aimless cross-examination of experienced police officers, especially as to whether they had ever witnessed a more gruesome crime, was undoubtedly damaging to the defense. Counsel declined to cross-examine a jail matron who gave testimony extremely unfavorable to the defense; instead, he simply told the jury on summation to dismiss this testimony as fabricated and incredible.

We perceive no benefit in further enumerating the numerous examples of errors and misconduct on the part of defense counsel as reflected in this record. They were pervasive. In sum, the totality of the omissions, misconduct and the errors forces the conclusion that counsel's performance deprived defendant of her right to effective assistance of counsel as commanded by the Sixth Amendment of the US Constitution.

In view of our holding, we do not address the issue of whether the prosecutor intentionally used peremptory challenges to exclude blacks from the jury in violation of defendant's rights under the United States and New York Constitutions. (Appeal from judgment of Supreme Court, Erie County, Mintz, J.—murder, second degree.) Present—Denman, J. P., Boomer, Green, Lawton and Davis, JJ.