■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REN L. RUMBLE, Appellant.—Judgment unanimously reversed on the law and new trial granted. Memorandum: The record, viewed in totality, demonstrates that counsel significantly neglected his client's case, thereby depriving defendant of

meaningful representation *(see, People v Baldi,* 54 NY2d 137; *People v Trait,* 139 AD2d 937, *lv denied* 72 NY2d 867). Although there is no requirement that counsel's conduct be free from error *(People v Trait, supra),* a defendant is entitled to "assistance by an attorney who has taken the time to review and prepare both the law and the facts relevant to the defense * * * and who is familiar with, and able to employ at trial basic principles of criminal law and procedure" *(People v Droz,* 39 NY2d 457, 462). Defense counsel failed to seek a *Huntley* hearing despite the fact that defendant's statement, made before he was given *Miranda* warnings, was the only evidence that he had been driving; failed to move for a *Sandoval* ruling; failed to make court appearances on several occasions; failed to obtain documents from the State Police to support his defense that the breathalyzer test was defective; and made inflammatory comments to the jury to the effect that no policemen are capable of telling the truth on the witness stand. (Appeal from Judgment of Lewis County Court, Merrell, J.—Felony Driving While Intoxicated.) Present—Denman, P. J., Boomer, Pine, Balio and Boehm, JJ.