■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRETT CERIO, Appellant. [638 NYS2d 572] —Judgment unanimously affirmed *(see, People v Gavadin,* 219 AD2d 863; CPL 450.30 [3]). (Appeal from Judgment of Onondaga County Court, Mulroy, J.—Violation of Probation.) Present—Denman, P. J., Lawton, Doerr, Balio and Boehm, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM EMERSON, Appellant. [637 NYS2d 854] —Judgment unanimously affirmed. Memorandum: We reject the contention of defendant that he was denied effective assistance of counsel. The right to effective assistance of counsel is satisfied "[s]o long as the evidence, the law, and the circumstances of a particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation" *(People v Baldi,* 54 NY2d 137, 147). A defendant is entitled to meaningful representation, not error-free representation *(People v Trait,* 139 AD2d 937, *lv denied* 72 NY2d 867; *People v Dietz,* 79 AD2d 476, 480). Upon our review of the law and the circumstances of this case, we conclude that defendant received meaningful representation *(see, People v Rivera,* 71 NY2d 705, 708-709; *People v Baldi, supra; People v Droz,* 39 NY2d 457, 462; *People v Trait, supra).*

We likewise reject the contention of defendant in his *pro se* supplemental brief that reversal is required because sidebar conferences and a pretrial hearing were conducted in his absence. The record belies the contention that defendant was not present for that pretrial hearing. Additionally, defendant has failed to show that the sidebar conferences did not involve questions of law or procedure. Thus, he failed to show that his presence was required *(see, People v Rodriguez,* 85 NY2d 586, 590-591; *see also, People v Williams,* 85 NY2d 945; *People v Velasco,* 77 NY2d 469, 472).

We have reviewed the remaining contentions advanced by defendant, including those raised in his *pro se* supplemental brief, and we conclude that they are lacking in merit. (Appeal from Judgment of Genesee County Court, Morton, J.— Attempted Murder, 2nd Degree.) Present—Denman, P. J., Lawton, Doerr, Balio and Boehm, JJ.