(June 26, 1997)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CURTIS HEMINGWAY, Appellant. [662 NYS2d 755] —Judgment, Supreme Court, New York County (Joan Sudolnik, J.), rendered July 24, 1995, convicting defendant, after a jury trial, of burglary in the third degree, and sentencing him to a term of 1 to 3 years, unanimously reversed, as a matter of discretion in the interest of justice, and the matter remanded for a new trial.

Defendant was convicted of burglary in the third degree based upon his participation as a lookout in the theft of merchandise from a truck parked on a street. One officer's comment that the shopkeepers in the area knew defendant and his codefendant and knew that they stole constituted inadmissible hearsay as well as uncharged crimes evidence with no probative value except as to criminal propensity. This remark was highly prejudicial, despite the court's curative instruction to the jury. Moreover, another officer's testimony that he knew defendant's codefendant from "previous dealings" "served no purpose other than to raise an inference of guilt by association." (*People v Roland*, 40 AD2d 1007, 1007-1008.) Finally, during summation, the prosecutor improperly made reference to the bags of clothing defendant had been carrying when arrested, suggesting, without basis, that the clothing had been stolen. Given that the evidence of defendant's accessorial liability was far from overwhelming, and that the testimony and comment depicting defendant as both a thief and a habitual accomplice of the codefendant rendered a fair trial impossible, we reach these unpreserved errors in the interest of justice. Defendant was denied his fundamental right to a fair trial. Concur—Murphy, P. J., Rosenberger, Wallach, Tom and Andrias, JJ.