THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CORY M. WILLIAMS, Appellant. [845 NYS2d 674]—

Appeal from a judgment of the Supreme Court, Onondaga County (John J. Brunetti, A.J.), rendered November 29, 2004.

The judgment convicted defendant, upon a jury verdict, of assault in the second degree and gang assault in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of assault in the second degree (Penal Law § 120.05 [4]) and gang assault in the second degree (§ 120.06). Contrary to defendant's contention, there is no evidence in the record that, prior to conducting a suppression hearing, Supreme Court pressured defense counsel to withdraw that part of defendant's omnibus motion seeking suppression of defendant's statements to the police. Insofar as defendant contends that the court erred in refusing to suppress certain statements, he failed to preserve that contention for our review inasmuch as he withdrew that part of his omnibus motion seeking that relief (*see* CPL 470.05 [2]; *People v Thousand*, 41 AD3d 1272 [2007], *lv denied* 9 NY3d 927 [2007]; *see also People v Wallace*, 259 AD2d 978 [1999], *lv denied* 93 NY2d 981 [1999]). We further reject the contention of defendant that he was denied effective assistance of counsel based on defense counsel's withdrawal of that part of defendant's omnibus motion seeking to suppress those statements. "That failure, 'without more, is insufficient to demonstrate ineffective assistance, particularly where[, as here, the] defendant fail[s] to demonstrate an absence of strategic or legitimate reasons for [defense] counsel's failure to pursue this course of action' " (*People v Hibbard*, 27 AD3d 1196, 1197 [2006], *lv denied* 7 NY3d 790 [2006]).

We also reject defendant's contention that the verdict is inconsistent. Although the counts of assault in the second degree and gang assault in the second degree require different culpable mental states, i.e., reckless as opposed to intentional conduct (*see* Penal Law § 120.05 [4]; § 120.06), each count involved a different result (*see People v Trappier*, 87 NY2d 55, 59 [1995]). "A defendant could certainly intend one result . . . while recklessly creating a grave risk that a different, more serious result . . . would ensue from his actions" (*id.*). Here, defendant could have intended to cause physical injury to the victim by participating in a gang assault and, at the same time, he could have recklessly created a grave risk that the victim would sustain a serious physical injury at the hands of a codefendant whom defendant knew to be armed with a knife.

Contrary to defendant's further contention, the court properly admitted evidence of prior uncharged crimes allegedly committed by an individual who was not charged as a codefendant. The evidence was relevant to establish the motive of defendant and

his codefendants (*see generally People v Plummer*, 36 NY2d 161, 163-164 [1975]), and defendant failed to establish that he was prejudiced by the admission of the evidence, particularly in view of the court's extensive curative instructions (*cf. People v Hemingway*, 240 AD2d 328 [1997]).

The sentence is not unduly harsh or severe, nor did the court abuse its discretion in denying defendant's request for youthful offender status (*see People v Washpun*, 41 AD3d 1233 [2007], *lv denied* 9 NY3d 883 [2007]; *People v Johnson*, 221 AD2d 1016 [1995]). We have considered defendant's remaining contentions and conclude that they are without merit. Present—Scudder, P.J., Martoche, Smith, Lunn and Pine, JJ.