■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND CLAIR CIMINO, Appellant. [856 NYS2d 368]—

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of two counts of attempted aggravated assault upon a police officer (Penal Law §§ 110.00, 120.11) and three counts of reckless endangerment in the first degree (§ 120.25). Contrary to the contention of defendant, the verdict finding him guilty of attempted aggravated assault against a police officer and reckless endangerment in the first degree, arising from the same act, is not inconsistent inasmuch as those two crimes "entail distinct results" (*People v Trappier*, 87 NY2d 55, 59 [1995]; *see generally People v Williams*, 45 AD3d 1466 [2007]). We further conclude that Supreme Court's *Sandoval* ruling, pursuant to which the court permitted the People to question defendant concerning the fact that he previously was incarcerated but refused to permit questioning concerning the nature of defendant's prior convictions, did not constitute an abuse of discretion. It cannot be said that the fact that defendant previously was incarcerated would have " 'no purpose other than to show that [he had] a criminal bent or character and thus [was] likely to have committed the crime[s] charged' " (*People v Sandoval*, 34 NY2d 371, 375 [1974]). Also contrary to the contention of defendant, the court did not err in modifying its original *Molineux* ruling by allowing the People to present the testimony of police officers concerning their suspicion that defendant was purchasing illegal narcotics. Defense counsel opened the door to such testimony during his opening statement (*see generally People v Fardan*, 82 NY2d 638, 646 [1993]). The court also properly denied defendant's supplemental suppression motion as untimely, inasmuch as defendant was unable to show good cause for failing to make that motion within the 45-day time period set forth in CPL 255.20 (3) (*see People v McQueen*, 307 AD2d 765 [2003], *lv denied* 100 NY2d 622 [2003]).

We reject the further contention of defendant that the court erred in refusing to suppress his statements to the police. Although defendant was in the hospital and was receiving a low

dosage of morphine when he made the statements, the record of the suppression hearing establishes that he was "not [impaired by drugs] to such a degree that he was incapable of voluntarily, knowingly, and intelligently waiving his *Miranda* rights" (*People v Snider*, 2 AD3d 1452, 1452-1453 [2004], *lv denied* 1 NY3d 634 [2004] [internal quotation marks omitted]). Indeed, the record establishes that defendant was able to engage in a 90-minute interview with the police, and that he read and corrected the document containing his statements after it was reduced to writing.

Defendant failed to preserve for our review his contention that the conviction is not supported by legally sufficient evidence by failing to renew his motion for a trial order of dismissal at the close of proof (*see People v Hines*, 97 NY2d 56, 61 [2001], *rearg denied* 97 NY2d 678 [2001]). In any event, defendant's contention is without merit (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]), as is his further contention that the verdict is against the weight of the evidence (*see id.*). Defendant failed to preserve for our review his contentions that he was denied a fair trial by prosecutorial misconduct on summation and that the court erred in its jury instructions (*see* CPL 470.05 [2]), and we decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

We have reviewed defendant's remaining contentions and conclude that they are lacking in merit. Present—Scudder, P.J., Martoche, Centra, Fahey and Gorski, JJ.