Judgment, Supreme Court, New York County (Roger S. Hayes, J.), rendered December 22, 2009, as amended January 19, 2010, convicting defendant, after a jury trial, of assault in the second degree, and sentencing him to a term of three years, unanimously affirmed.
The court’s Sandoval ruling balanced the appropriate factors and was a proper exercise of discretion (see People v Hayes, 97 NY2d 203 [2002]). The court properly exercised its discretion when it precluded inquiry into one of defendant’s convictions and permitted inquiry into the underlying facts of a theft-related crime. The underlying theft-related crime was probative of defendant’s credibility, and it was not so similar to the present charges as to be unduly prejudicial.
An isolated phrase in the prosecutor’s summation that briefly mentioned defendant’s right to call witnesses was inappropriate, but it does not warrant reversal. The court’s instructions on the burden of proof were sufficient to prevent any prejudice.
Defendant’s contention that the victim’s identification of de *532 fendant was improperly bolstered by an officer’s testimony about the identification is unpreserved, and we decline to review in the interest of justice. As an alternative holding, we find that it was defense counsel, not the prosecutor, who elicited the testimony and that the testimony was admissible in any event as background evidence, completing the narrative (see People v Morgan, 193 AD2d 467 [1st Dept 1993], lv denied 81 NY2d 1077 [1993]). Concur—Friedman, J.P., Sweeny, Renwick, Freedman and Roman, JJ.