# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1128**
**KA 14-00432**
PRESENT: CENTRA, J.P., FAHEY, SCONIERS, WHALEN, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, APPELLANT,

V                                    MEMORANDUM AND ORDER

CHARLES MICHAEL ENRIGHT, DEFENDANT-RESPONDENT.

---

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LEAH MERVINE OF COUNSEL), FOR APPELLANT.

STEPHEN M. LEONARDO, ROCHESTER (MICHAEL S. STEINBERG OF COUNSEL), FOR DEFENDANT-RESPONDENT.

---------------------------------------------------------------------------------------------------------

Appeal from an order of the Monroe County Court (Douglas A. Randall, J.), entered May 28, 2013. The order granted defendant's motion to suppress the results of the chemical test of defendant's blood.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law and on the facts, the motion is denied, and the matter is remitted to Monroe County Court for further proceedings on the indictment.

Memorandum: The People appeal from an order granting defendant's motion to suppress the results of a chemical test of defendant's blood, which had been taken from defendant more than two hours after his arrest (*see generally* Vehicle and Traffic Law § 1194 [2] [a] [1]). The motion was made on May 21, 2013, more than 45 days after defendant's arraignment on February 14, 2013, and was therefore untimely as a matter of law (*see* CPL 255.20 [1]). We conclude that County Court abused its discretion in entertaining and granting the untimely motion because there was no good cause shown by defendant for an extension of time (*see* CPL 255.20 [3]; *see generally People v Lawrence*, 64 NY2d 200, 206; *People v Cimino*, 49 AD3d 1155, 1156, *lv denied* 10 NY3d 861). Contrary to the court's determination that it should or could in its discretion entertain the motion because defendant did not learn of the time of the arrest until a *Mapp* hearing on May 10, 2013, we note that the discovery packet provided to defendant by the People on March 5, 2013 showed the time of defendant's arrest, thereby providing him with a basis for moving to suppress the blood test results within 45 days of arraignment.

Entered: November 14, 2014                          Frances E. Cafarell
                                                    Clerk of the Court