Appeal from a judgment of the Monroe County Court (Stephen T. Miller, A.J.), rendered January 28, 2011. The judgment convicted defendant, upon his plea of guilty, of rape in the second degree.
It is hereby ordered that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him, upon his plea of guilty, of rape in the second degree (Penal Law § 130.30 [1]), defendant contends that County Court erred in issuing an order of protection on behalf of an individual who was the complainant with respect to an uncharged sexual offense that was satisfied by defendant’s plea. Defendant’s contention is unpreserved for our review inasmuch as he “failed to challenge the issuance of the order of protection at sentencing or to seek vacatur of the final order of protection” (People v Morris, 82 AD3d 908, 909 [2011], lv denied 17 NY3d 808 [2011]; see People v Reynolds, 85 AD3d 825, 825-826 [2011], lv denied 18 NY3d 927 [2012]). We reject defendant’s related contention that his challenge to the order of protection need not be preserved because it renders his sentence illegal. Although an order of protection is issued at sentencing, it is not a part of a defendant’s sentence (see People v Nieves, 2 NY3d 310, 316 [2004]; People v Lilley, 81 AD3d 1448, 1448 [2011], lv denied 17 *1463 NY3d 860 [2011]). In any event, defendant waived his challenge by agreeing to the order of protection when he pleaded guilty (see generally People v Farewell, 90 AD3d 1502, 1503 [2011], lv denied 18 NY3d 957 [2012]). Present — Scudder, P.J., Centra, Lindley, Sconiers and DeJoseph, JJ.