■ The People of the State of New York, Respondent, v Nelson Castillo, Appellant. [58 NYS3d 762]—

Appeal from a judgment of the Supreme Court, Monroe County (Alex R. Renzi, J.), rendered February 27, 2013. The judgment convicted defendant, upon a jury verdict, of criminal contempt in the first degree (five counts).

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of five counts of criminal contempt in the first degree (Penal Law § 215.51 [c]). Defendant failed to

preserve for our review his contention that the evidence is legally insufficient to support his conviction inasmuch as the ground advanced for defendant's trial motion for an order of dismissal was different than that now advanced on appeal (*see People v Kelly*, 79 AD3d 1642, 1642 [2010], *lv denied* 16 NY3d 832 [2011]; *see also People v Gray*, 86 NY2d 10, 19 [1995]; *People v Nuffer*, 70 AD3d 1299, 1299 [2010]). In any event, we reject defendant's contention. Viewing the evidence in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621 [1983]), we conclude that the evidence is legally sufficient to support the conviction (*see People v Bleakley*, 69 NY2d 490, 495 [1987]).

Defendant further contends that a special information setting forth a prior conviction of criminal contempt in the second degree could not serve to establish a predicate conviction because it references an incorrect Penal Law provision for that crime. We note, however, that defendant never objected to the irregularity, and thus his contention is not preserved for our review (*see* CPL 470.05 [2]). In any event, we further note that the special information refers to the correct name of the crime, thereby establishing that the error is "akin to a mere misnomer in the designation of the crime charged, which does not create a jurisdictional defect" (*People v Bishop*, 115 AD3d 1243, 1244 [2014], *lv denied* 23 NY3d 1018 [2014], *denied reconsideration* 24 NY3d 1082 [2014] [internal quotation marks omitted]). Moreover, defendant admitted in Supreme Court that "[he was] in fact the same person who was previously convicted of criminal contempt in the second degree on April 7, 2010 in Greece," which eliminated any possible confusion.

Defendant's contention that the court erred in allowing proof of the predicate conviction in violation of CPL 200.60 is unpreserved for our review (*see People v Anderson*, 114 AD3d 1083, 1086 [2014], *lv denied* 22 NY3d 1196 [2014]), and we decline to exercise our power to review it as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). We further conclude that any error in the court's *Molineux* and *Sandoval* rulings is harmless inasmuch as the evidence of defendant's guilt is overwhelming, and there is no significant probability that defendant would have been acquitted but for the error (*see People v Arafet*, 13 NY3d 460, 467 [2009]; *People v Grant*, 7 NY3d 421, 424-425 [2006]).

Defendant failed to preserve for our review all but one of his present claims with respect to alleged instances of prosecutorial misconduct (*see* CPL 470.05 [2]) and, in any event, we conclude that "[a]ny improprieties were not so pervasive or

egregious as to deprive defendant of a fair trial" (*People v Resto,* 147 AD3d 1331, 1333 [2017], *lv denied* 29 NY3d 1000 [2017] [internal quotation marks omitted]).

Defendant's contention that the order of protection issued at sentencing lacked a sufficient rationale and was not issued in accordance with procedures mandated under the Criminal Procedure Law is unpreserved for our review. Defendant "failed to challenge the issuance of the order of protection at sentencing or to seek vacatur of the final order of protection" (*People v Lewis,* 125 AD3d 1462, 1462 [2015], *lv denied* 25 NY3d 1074 [2015]). We decline to reach that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [3] [c]).

Although we have broad power to modify a sentence that is unduly harsh and severe, even if the sentence falls within the permissible statutory range (*see* CPL 470.15 [6] [b]; *see also People v Smart,* 100 AD3d 1473, 1475 [2012], *affd* 23 NY3d 213 [2014]; *People v Delgado,* 80 NY2d 780, 783 [1992]; *People v Woods,* 142 AD3d 1356, 1358-1359 [2016]), we see no reason to do so in this case. Present—Carni, J.P., Lindley, DeJoseph, Curran and Troutman, JJ.