People v Roberts (2018 NY Slip Op 03563)





People v Roberts


2018 NY Slip Op 03563


Decided on May 17, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 17, 2018

108186

[*1]THE PEOPLE OF THE STATE OF NEW YORK,Respondent,
v
DAVID ROBERTS, Appellant.

Calendar Date: March 28, 2018

Before: Garry, P.J., McCarthy, Lynch, Clark and Pritzker, JJ.


Marshall Nadan, Kingston, for appellant.
David E. Woodin, Special Prosecutor, Catskill, for respondent.


Pritzker, J.

MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Greene County (Wilhelm, J.), rendered December 1, 2015, upon a verdict convicting defendant of the crime of criminal possession of a controlled substance in the third degree.
In August 2014, State Trooper Gregory Overholt received a dispatch regarding a disturbance at an apartment complex. Upon his arrival, he observed a white Jeep Cherokee driving at a high rate of speed in a reckless manner towards the complex's exit. He immediately turned on his emergency lights, at which point he observed Russell Felter, the driver, and defendant, the passenger, who both appeared nervous, attempt to flee before stopping again. Overholt detained both individuals, patted them down and placed them on the bumper of his vehicle. At this
point, another state trooper arrived at the scene and subsequently saw a plastic bag containing heroin on the passenger seat of the jeep. Felter and defendant were then arrested.
Defendant was charged by indictment with criminal possession of a controlled substance in the third degree. Defendant moved to suppress the evidence obtained from the traffic stop on the basis that it was an illegal search and seizure. After conducting a Mapp hearing, County Court denied the motion to suppress. Following a jury trial, defendant was found guilty of the charged crime and sentenced, as a second felony offender, to 10 years in prison with three years of postrelease supervision. Defendant now appeals. We affirm.
Initially, defendant contends that the trooper lacked reasonable suspicion or probable [*2]cause to initiate the stop because the vehicle was not on a public street. This contention is not preserved as defendant advanced no such argument at the suppression hearing. Rather, defendant focused on describing the situation as an illegal detention on the basis that the situation had resolved itself in that defendant, who admitted to causing the disturbance, was leaving the property. County Court, in denying the motion to suppress, only addressed the issue as framed by defendant, not as presented here. Therefore, this argument is not properly before this Court (see CPL 470.05 [2]; People v Miranda, 27 NY3d 931, 932-933 [2016]; People v Graham, 25 NY3d 994, 996-997 [2015]).
Defendant next contends that County Court erred in allowing the People to introduce testimony regarding uncharged criminal conduct. "While evidence of prior bad acts or uncharged crimes is inadmissible to prove the crime charged or to show a defendant's propensity to commit this crime, an exception to this rule exists where the evidence is admitted to show a defendant's intent, especially after the defendant has put his or her intent at issue" (People v Wright, 5 AD3d 873, 875 [2004] [citations omitted], lv denied 3 NY3d 651 [2004]; accord People v Allen, 132 AD3d 1156, 1159 [2015], lv denied 26 NY3d 1107 [2016]). Here, from the outset of trial, defendant sought to portray Felter as the owner of the heroin at issue, beginning with defense counsel's opening statement. Defendant also elicited testimony of a witness who claimed that the drugs found in the jeep belonged to her, that Felter sold heroin and that she never knew defendant to sell drugs. Inasmuch as defendant put his intent at issue, we find that evidence of heroin — seized as a result of search warrants issued for defendant's home and a vehicle associated with it — was relevant for the purpose of establishing defendant's knowledge of and intent to sell heroin and was, therefore, properly admitted at trial. Additionally, evidence of uncharged crimes that related to the sale and transportation of heroin for similar purposes was also properly admitted as it was probative of defendant's intent to sell heroin, an element of the crime charged; County Court's limiting instruction and admonishment lessened the prejudicial impact of this evidence (see People v Wells, 141 AD3d 1013, 1019 [2016], lvs denied 28 NY3d 1183, 1189 [2017]; People v Wilson, 100 AD3d 1045, 1047-1048 [2012], lv denied 22 NY3d 998 [2013]). Therefore, his conviction is affirmed.
Garry, P.J., McCarthy, Lynch and Clark, JJ., concur.
ORDERED that the judgment is affirmed.