People v Richardson (2018 NY Slip Op 04605)





People v Richardson


2018 NY Slip Op 04605


Decided on June 21, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 21, 2018

109775

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
KARREIM RICHARDSON, Appellant.

Calendar Date: May 3, 2018

Before: McCarthy, J.P., Devine, Clark, Aarons and Pritzker, JJ.


Danielle Neroni Reilly, Albany, for appellant.
P. David Soares, District Attorney, Albany (Emily Schultz of counsel), for respondent.


Clark, J.

MEMORANDUM AND ORDER
Appeal from a judgment of the Supreme Court (McDonough, J.), rendered July 1, 2016 in Albany County, upon a verdict convicting defendant of the crime of criminal possession of a weapon in the second degree (five counts).
In May 2015, a detective with the City of Albany Police Department received information from a confidential informant (hereinafter CI) indicating that the CI was able to procure firearms from a contact by the name of "Trey." An investigation of the telephone number furnished by the CI revealed that the number was registered out of Virginia in defendant's name, and the decision was made to initiate a controlled buy operation targeting defendant. After a series of monitored telephone calls and text messages, defendant initially agreed to sell one firearm to the CI through the mail, which was thereafter successfully intercepted by law enforcement. As a result of additional controlled telephone calls and text messages, defendant agreed to drive from Virginia to the City of Albany to sell the CI five more firearms under the ruse that the CI would resell the firearms in the Albany area. On July 19, 2015, pursuant to an arrest warrant, defendant was apprehended and arrested on the University at Albany campus, along with the three other occupants of his vehicle. A search of said vehicle resulted in the recovery of five firearms of the sort requested by the CI. Defendant was then charged with five counts of criminal possession of a weapon in the second degree and, following a jury trial with his codefendant, was convicted as charged. Supreme Court thereafter sentenced him to five concurrent prison terms of 12 years, followed by five years of postrelease supervision. Defendant appeals, and we affirm.
Initially, defendant argues that the warrant for his arrest lacked the requisite probable cause and, thus, any physical evidence seized or statements made to police upon his arrest should have been suppressed. While defendant did move for such relief in his omnibus motion and a Mapp/Dunaway/Huntley hearing was in fact held, the record reveals that defendant withdrew his motion after the suppression hearing, thereby abandoning his motion and rendering unpreserved any challenges with respect to the warrant (see CPL 470.05 [2]; People v Collier, 146 AD3d 1146, 1147 [2017], lv denied 30 NY3d 948 [2017]; People v Williams, 45 AD3d 1466, 1467 [2007], lv denied 10 NY3d 818 [2008]). Relatedly, defendant inaccurately asserts that Supreme Court denied his request for a Darden hearing. Rather, the court expressly reserved decision on the request until after the suppression hearing, subject to defendant's renewal, which was never made (see generally People v Lewis, 39 AD3d 1025, 1026 [2007]).
Turning to defendant's evidentiary challenges, defendant's contentions that photographs of text messages and audio recordings of telephone conversations between him and the CI were admitted without proper foundation are unpreserved for our review in light of his failure to object to the admission of such evidence at trial (see People v Muller, 155 AD3d 1091, 1093 [2017], lv denied 30 NY3d 1118 [2018]; People v Chappelle, 126 AD3d 1127, 1128 [2015], lv denied 25 NY3d 1161 [2015]). Were these arguments preserved, we would find that the People established a proper foundation for both the admission of the photographs (see People v Green, 107 AD3d 915, 916-917 [2013], lv denied 22 NY3d 1088 [2014]; compare People v Price, 29 NY3d 472, 477 [2017]) and the audio recordings (see People v Starr, 114 AD3d 813, 814 [2014], lv denied 23 NY3d 1068 [2014]; compare People v Vanhoesen, 31 AD3d 805, 807-808 [2006]).
Defendant also contends that, in violation of People v Trowbridge (305 NY 471, 476-477 [1953]) and the Confrontation Clauses of the State and Federal Constitutions (see US Const 6th Amend; NY Const, art I, § 6), two police officers were impermissibly allowed to testify as to pretrial identifications of defendant made by the CI, who did not testify. Defendant largely failed to preserve this contention by not making proper objections at trial (see People v Cade, 110 AD3d 1238, 1241 [2013], lv denied 22 NY3d 1155 [2014]; People v Carter, 40 AD3d 1211, 1212 [2007], lv denied 9 NY3d 864 [2007]). However, in one instance, defendant did object on Trowbridge grounds to the testimony by one police officer that the CI had identified defendant in a photo array. This statement, as well as all of the challenged testimony, was elicited on cross-examination by defense counsel (see People v Rosenberg, 103 AD3d 531, 532 [2013], lv denied 21 NY3d 946 [2013]) and, moreover, was admissible to explain the events that precipitated defendant's arrest (see People v Mulligan, 118 AD3d 1372, 1374 [2014], lv denied 25 NY3d 1075 [2015]; People v Capers, 94 AD3d 1475, 1476 [2012], lv denied 19 NY3d 971 [2012]).
As for defendant's Molineux challenge, we find that Supreme Court did not abuse its discretion in permitting evidence of defendant's uncharged controlled sale of a gun through the mail and the communications between him and the CI regarding the sale of firearms. Such evidence was relevant in establishing defendant's motive and intent, an overall scheme or plan and the absence of mistake, as well as to provide necessary background information, and was more probative than prejudicial (see People v Victor, 139 AD3d 1102, 1109 [2016], lv denied 28 NY3d 1076 [2016]; People v Kidd, 112 AD3d 994, 995-996 [2013], lv denied 23 NY3d 1039 [2014]). With respect to the testimony that defendant was in possession of a stolen firearm, which was not initially part of the People's proffer or encompassed by the court's Molineux ruling, the court limited the potential for any undue prejudice by instructing the jury, on two occasions, not to infer that defendant had a propensity for criminality based upon his possession [*2]of the allegedly stolen firearm (see People v Roberts, ___ AD3d ___, ___, 2018 NY Slip Op 03563, *2 [2018]; People v Palin, 158 AD3d 936, 941 [2018], lv denied 31 NY3d 1016 [2018]). Lastly, defendant did not object to the testimony that law enforcement believed "some parties were coming up to exchange some guns and . . . what [they] believed to be cocaine for money." If his challenge to the foregoing testimony had been preserved, we would find that such testimony provided necessary context and background information or otherwise completed the relevant witness's narrative (see People v Rivera, 124 AD3d 1070, 1073 [2015], lvs denied 26 NY3d 971 [2015]).
Further, defendant failed to object to the litany of statements during the prosecutor's summation that he now contends deprived him of a fair trial, rendering his prosecutorial misconduct argument unpreserved (see People v Kerley, 154 AD3d 1074, 1076 [2017], lv denied 30 NY3d 1106 [2018]; People v Johnson, 151 AD3d 1462, 1465-1466 [2017], lv denied 30 NY3d 1106 [2018])[FN1]. In any event, our review of the record reveals that each of the challenged statements was fair comment on the evidence and made in direct response to defense counsel's summation (see People v Deshane, 160 AD3d 1216, 1218 [2018]; People v Cole, 150 AD3d 1476, 1482 [2017]; People v Anderson, 149 AD3d 1407, 1414 [2017], lv denied 30 NY3d 947 [2017]; People v Wynn, 149 AD3d 1252, 1256 [2017], lv denied 29 NY3d 1136 [2017]).
We next address defendant's various claims of ineffective assistance of counsel. "[D]efendant's criticisms of counsel must amount to more than a simple disagreement with counsel's strategies, tactics or the scope of possible cross-examination" (People v Ildefonso, 150 AD3d 1388, 1388 [2017] [internal quotation marks, brackets and citation omitted], lv denied 30 NY3d 980 [2017]; see People v Perillo, 144 AD3d 1399, 1403 [2016], lvs denied 29 NY3d 948, 951 [2017]) and, "so long as the evidence, the law, and the circumstances of a particular case, viewed in totality, reveal that [counsel] provided meaningful representation, the constitutional requirement will be satisfied" (People v Rivers, 152 AD3d 1054, 1058 [2017] [internal quotation marks, brackets, ellipsis and citations omitted], lv denied 30 NY3d 1063 [2017]; see People v Anthony, 152 AD3d 1048, 1053 [2017], lvs denied 30 NY3d 978, 981 [2017]).
Defendant argues that counsel should have moved to dismiss the indictment when he was not produced to testify before the grand jury. The record establishes that the People provided defendant with notice of the grand jury proceeding and that defendant, in turn, provided timely written notice of his intent to appear before the grand jury as a witness on his own behalf (see CPL 190.50 [5] [a]). However, it is not evident on this record why, or whether, defendant did not testify before the grand jury. Thus, as this claim involves matters outside of the record, it [*3]is more properly explored through a CPL 440.10 motion (see People v Graham, 138 AD3d 1242, 1244 [2016], lv denied 28 NY3d 930 [2016]; People v Harrison, 304 AD2d 376, 377 [2003], lv denied 100 NY2d 621 [2003]). Moreover, we note that the failure to timely file a motion to dismiss the indictment on CPL 190.50 (5) grounds, without more, does not constitute ineffective assistance of counsel (see People v Graham, 138 AD3d at 1244; see also People v Wiggins, 89 NY2d 872, 873 [1996]; People v Hogan, 118 AD3d 1263, 1264 [2014], affd 26 NY3d 779 [2016]).
To the extent that defendant claims that counsel's failure to preserve many of the foregoing contentions together amounted to the ineffective assistance of counsel, "counsel will not be found to be ineffective on the basis that he or she failed to make an argument or motion that has little or no chance of success" (People v Pichardo, 160 AD3d 1044, 1049 [2018] [internal quotation marks and citations omitted]; see People v Stultz, 2 NY3d 277, 287 [2004]; People v Johnson, 151 AD3d 1462, 1466 [2017], lv denied 30 NY3d 1106 [2018]). In addition, defendant did not refute the possibility that defense counsel's failure to object to certain undesirable testimony was a purposeful choice, made to avoid drawing further attention to it (see People v Rodriguez, 135 AD3d 1181, 1186 [2016], lv denied 28 NY3d 936 [2016]). Our review of the record as a whole confirms that counsel provided meaningful representation by, among other things, making appropriate pretrial and trial motions, effectively cross-examining the People's witnesses and presenting a cogent opening statement and summation (see People v Alberts, ___ AD3d ___, ___, 2018 NY Slip Op 03393, *6 [2018]; People v Pottorff, 145 AD3d 1095, 1098 [2016], lv denied 30 NY3d 1063 [2017]; People v Ramos, 133 AD3d 904, 909 [2015], lvs denied 26 NY3d 1143, 1149 [2016]). Significantly, defense counsel presented a plausible defense, which included the testimony of three witnesses, one of whom testified that he had inadvertently left firearms in defendant's vehicle and all three of whom refuted that the subject telephone number belonged to defendant (see People v Anthony, 152 AD3d at 1053-1054; People v Place, 152 AD3d 976, 980 [2017], lv denied 30 NY3d 1063 [2017]).
Finally, we are unpersuaded that defendant's sentence was harsh or excessive. Where, as here, the sentence falls within the permissible statutory range (see Penal Law 70.02 § [3] [b]), we will not disturb it unless we find that the sentencing court abused its discretion or extraordinary circumstances exist warranting a modification (see People v Gabriel, 155 AD3d 1438, 1442 [2017], lv denied ___ NY3d ___ [May 31, 2018]; People v Edwards, 124 AD3d 988, 992 [2015], lv denied 25 NY3d 1201 [2015]). We discern nothing from the record, or the arguments advanced by defendant on appeal, that indicates that Supreme Court abused its discretion or that any such extraordinary circumstances are present (see People v Blanco, 156 AD3d 945, 946 [2017]; People v Edwards, 124 AD3d at 992; People v Bianca, 91 AD3d 1127, 1130 [2012], lv denied 19 NY3d 862 [2012]).
Defendant's remaining contentions, to the extent not specifically discussed herein, have been examined and lack merit.
McCarthy, J.P., Devine, Aarons and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.



Footnotes

Footnote 1:Although the codefendant did object to one of the remarks that defendant now challenges, by failing to join in that objection, defendant did not preserve his argument with respect thereto (see People v Buckley, 75 NY2d 843, 846 [1990]; People v Anderson, 149 AD3d 1407, 1413 [2017], lv denied 30 NY3d 947 [2017]). If this argument had been preserved, we would find that the prosecutor's remark concerning DNA evidence from an unidentified female donor on one firearm was fair comment on the evidence, and Supreme Court's subsequent limiting instruction mitigated any potential prejudice (see People v Armonte, 287 AD2d 645, 646 [2001]).