People v Hackett (2018 NY Slip Op 07557)





People v Hackett


2018 NY Slip Op 07557


Decided on November 9, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 9, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, DEJOSEPH, TROUTMAN, AND WINSLOW, JJ.


947 KA 15-00043

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
PATRICK M. HACKETT, ALSO KNOWN AS PATRICK HACKETT, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ERIN A. KULESUS OF COUNSEL), FOR DEFENDANT-APPELLANT. 
PATRICK M. HACKETT, DEFENDANT-APPELLANT PRO SE.
LAWRENCE FRIEDMAN, DISTRICT ATTORNEY, BATAVIA (SHIRLEY A. GORMAN OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Genesee County Court (Thomas E. Moran, J.), rendered November 13, 2014. The judgment convicted defendant, upon a jury verdict, of rape in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, following a jury trial, of rape in the third degree (Penal Law
§ 130.25 [2]). The charge arose in April 2013, when the 44-year-old defendant engaged in sexual intercourse with a 15-year-old runaway. The victim reported the incident and cooperated with law enforcement by communicating with defendant via text message about the sexual encounter, and then giving her phone to the police, who continued to communicate with defendant using the victim's phone. The text messages from defendant to the victim were key pieces of evidence against him at trial.
In his main brief, defendant contends that County Court erred in summarily denying his pretrial motion to suppress the text messages recovered from his cell phone on the ground that some of the messages were unlawfully obtained by police during a search incident to his arrest and prior to obtaining the search warrant, in violation of the United States Supreme Court's decision in Riley v California (— US &mdash, 134 S Ct 2473 [2014]). Preliminarily, defendant's motion to suppress the text messages was his second suppression motion, which is contrary to the single motion rule set forth in CPL 255.20 (2) and, as defendant correctly concedes, the motion was filed more than 45 days after his arraignment, which is contrary to CPL 255.20 (1). Further, although a change in the applicable law may constitute "good cause" pursuant to CPL 255.20 (3) to entertain a motion filed outside of the limits imposed by CPL 255.20 (1) and (2), it is implicit that the change in the law must actually afford the defendant the relief that he or she seeks. We reject defendant's contention that the Supreme Court's decision in Riley provided the requisite good cause for defendant's untimely second motion.
The Riley Court determined that "officers must generally secure a warrant before conducting [a search of data stored in a cell phone]" (Riley, — US at &mdash, 134 S Ct at 2485). Here, the search warrant application for defendant's phone indicates, among other things, that, after defendant's arrest and the recovery of a cell phone from him during a search incident to the arrest, the applicant officer sent a text message to the phone number that had been used during earlier communications between the victim and defendant, and the officer noted that the phone recovered from defendant upon his arrest signaled the arrival of a new text message moments later. Contrary to defendant's contention, however, nothing in the warrant application supports [*2]the inference that the police opened or manipulated the phone to get inside to retrieve data prior to obtaining the search warrant. Although Riley prohibits warrantless searches of cell phones incident to a defendant's arrest, Riley does not prohibit officers from sending text messages to a defendant, making observations of a defendant's cell phone, or even manipulating the phone to some extent upon a defendant's arrest (see id. at &mdash, 134 S Ct at 2485, 2487). Indeed, Riley provides that the search incident to arrest exception to the warrant requirement entitles law enforcement officers to "examine the physical aspects of the phone" after it has been seized (id. at &mdash, 134 S Ct at 2485). Inasmuch as the information included in the warrant application is not suggestive of a warrantless search of the phone, we conclude that the Supreme Court's decision in Riley did not provide good cause for defendant's untimely second suppression motion. Thus, the motion was properly denied (see CPL 255.20 [3]; People v Cimino, 49 AD3d 1155, 1156 [4th Dept 2008], lv denied 10 NY3d 861 [2008]; see generally People v Wilburn, 50 AD3d 1617, 1618 [4th Dept 2008], lv denied 11 NY3d 742 [2008]).
Moreover, even if the officer's actions in sending a confirmatory text message to defendant's phone did constitute an unlawful search under Riley, we nevertheless conclude that the validity of the warrant to search defendant's phone was not vitiated. The police did not use the alleged illegal search " to assure themselves that there [was] cause to obtain a warrant' in the first instance" (People v Burdine, 147 AD3d 1471, 1472 [4th Dept 2017], amended on rearg 149 AD3d 1626 [4th Dept 2017], lv denied 29 NY3d 1076 [2017], quoting People v Burr, 70 NY2d 354, 362 [1987], cert denied 485 US 989 [1988]), and the remaining factual allegations in the warrant application provided probable cause to search the cell phone that was recovered from defendant at the time of his arrest.
Viewing the evidence in light of the elements of the crime as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we reject defendant's further contention in his main brief that the verdict is against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Here, defendant stipulated that his date of birth was July 26, 1968, and he did not dispute that the victim was 15 years old in April 2013. Thus, the evidence at trial established that defendant was "twenty-one years old or more" and that the victim was "less than seventeen years old" at the time that defendant allegedly had sexual intercourse with the victim (Penal Law § 130.25 [2]). With respect to the element of sexual intercourse, the jury heard the victim's testimony describing the incident. Moreover, the evidence at trial was not solely limited to the testimony of the victim. Although there is a lack of medical, scientific, or other physical evidence of the crime, the jury saw incriminating text messages from defendant to the victim in which he admitted that he engaged in sexual intercourse with her and professed his love to her. In addition, defendant's trial testimony in which he denied having sexual intercourse with the victim was not credible inasmuch as he provided the jury with improbable explanations for the incriminating text messages.
Defendant's contention in his main brief that the court committed reversible error by giving an unbalanced interested witness instruction is not preserved for our review (see People v Rasmussen, 275 AD2d 926, 927 [4th Dept 2000], lv denied 95 NY2d 968 [2000]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
We also reject the contention in defendant's pro se supplemental brief that he was denied effective assistance of counsel based on alleged failures by trial counsel to file a timely discovery demand, to prepare a defense or call fact witnesses, to impeach prosecution witnesses, and to make effective motions to suppress evidence. The record establishes that defense counsel demanded discovery within the 30-day deadline set forth in CPL 240.80 (1), and that the People subsequently provided the requested discovery to defendant. In addition, defense counsel filed pretrial motions on defendant's behalf, and successfully moved for an order precluding the People from introducing in evidence cell phone records from Verizon. Counsel also successfully moved to suppress defendant's journal, and obtained confidential records from the Department of Social Services by subpoena duces tecum. Moreover, counsel used the records that he obtained to effectively cross-examine the victim at trial. Thus, we conclude that the "evidence, the law, and the circumstances of [this] particular case, viewed in totality and as of the time of the representation, reveal that [defense counsel] provided meaningful representation" (People v Trait, 139 AD2d 937, 938 [4th Dept 1988], lv denied 72 NY2d 867 [1988]; see People v Baldi, 54 NY2d 137, 147 [1981]).
With respect to defendant's further contention in his pro se supplemental brief that the People violated the court's Sandoval ruling, we can discern no meaningful distinction between the question that the court permitted in its Sandoval ruling, i.e., whether defendant had been convicted of two felonies in April 1993, and the question that the prosecutor asked defendant at trial, i.e., whether there were two charges associated with that 1993 conviction. Even assuming, arguendo, that the slight semantic difference in the form of the question violated the court's Sandoval ruling, we conclude that any error was "not so egregious or unduly prejudicial as to create a significant probability that defendant would have been acquitted but for such an error" (People v Alexander, 160 AD3d 1121, 1124 [3d Dept 2018], lv denied 31 NY3d 1144 [2018]; see People v Sparks, 29 NY3d 932, 935 [2017]; see generally People v Crimmins, 36 NY2d 230, 241-242 [1975]).
Contrary to defendant's contention in his pro se supplemental brief, the court did not err in permitting the People to present testimony that defendant committed an uncharged bad act. We conclude that the testimony that defendant gave the 15-year-old victim alcohol prior to having sexual intercourse with her was properly admitted in evidence to complete the narrative of events on the night in question (see generally People v Maxey, 129 AD3d 1664, 1665 [4th Dept 2015], lv denied 27 NY3d 1002 [2016], reconsideration denied 28 NY3d 933 [2016]; People v Khan, 88 AD3d 1014, 1014-1015 [2d Dept 2011], lv denied 18 NY3d 884 [2012]), and the probative value of that testimony was not substantially outweighed by the potential for prejudice (see generally People v Alvino, 71 NY2d 233, 242 [1987]; People v Givans, 45 AD3d 1460, 1462 [4th Dept 2007]). In any event, "inasmuch as the evidence of defendant's guilt is overwhelming, and there is no significant probability that defendant would have been acquitted but for the [alleged] error", any error in admitting that testimony in evidence was harmless (People v Castillo, 151 AD3d 1802, 1803 [4th Dept 2017], lv denied 30 NY3d 978 [2017]; see Crimmins, 36 NY2d at 241-242).
We have considered the remaining contentions in defendant's pro se supplemental brief and conclude that they are without merit.
Entered: November 9, 2018
Mark W. Bennett
Clerk of the Court